# Houston National Bank v. Joe Adair.

No. A-1391. Decided January 7, 1948.
Rehearing overruled February 4, 1948.
(207 S. W., 2d Series, 374.)

*Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale,* and *Sam W. Cruse,* all of Houston, for relator.

*Fred Parks,* of Houston, for respondent.

MR. JUSTICE HART delivered the opinion of the Court.

This suit was brought by Joe Adair against Houston National Bank for damages resulting from personal injuries suffered by his wife when she slipped and fell on a stairway in the bank. The grounds of negligence relied upon by the plaintiff were in substance: (1) the failure of the bank to equip the stairs with handrails which could be grasped by persons using the stairs; (2) the failure of the bank to illuminate the stairway properly; (3) the failure of. the bank to corrugate or cover the stairs to insure good footing; and (4) the construction and maintenance of the stairs by the bank in a slick condition. At the conclusion of the plaintiff's evidence the district court granted the defendant's motion for an instructed verdict and judgment was entered accordingly. The Court of Civil Appeals reversed and remanded the case for a new trial upon the ground that the plaintiff's evidence was sufficient to require the submission of issues of fact to the jury. 203 S. W. (2d) 782. The principal question before us is whether the Court of Civil Appeals erred in this holding.

The evidence shows that at the time she was injured Mrs. Adair, who was then engaged in the real estate business, was in the bank at the request of one of its officers for the purpose of discussing a business transaction. She was a regular customer of the bank, having had an account there for a number of years. Upon her arrival at the bank at about 9 o'clock in the morning, she observed that the officer who had called her was not at his desk, and she then decided to go to the statement window in the basement to pick up her statements. The stairway leading to the basement was located in the central portion of the main floor or lobby of the bank. Mrs. Adair was the only witness who described the accident resulting in her injury, and her testimony is as follows:

"* * * I went over to the stairway, put my hand on the right

hand side of the balustrade and started to go down and when I got down I couldn't say the exact number of steps, why I felt my left foot slipping and that is when I realized that I was in danger and I tried to grasp hold of this balustrade and I couldn't. I couldn't hold it, because you just can't hold it; that is all; and that is the last I remember until late afternoon * * *."

Mrs. Adair further testified with reference to the stairs, "I didn't notice them being slick until I was falling and then I realized the danger I was in." Although she did not so testify directly, it seems evident that Mrs. Adair intended to imply that the stairs were slick; but what caused the slickness is not shown. There is no evidence of any substance having been placed or dropped on the stairs or of any cleaning fluid or compound having been used on them. The stairs were made of white, smooth marble. They have not been altered, rebuilt or repaired since the bank building was completed in 1928. There is no testimony that the stairs were narrow or steep or that they were uneven, slanting or sloping, and the photographs introduced by the plaintiff do not disclose any such condition. The stairs were not covered; there were no corrugations, mats, rugs, abrasive treads or carpets on them.

On each side of the stairway, which was seven feet, seven and a half inches wide, was an ornamental marble balustrade. The top surface of this balustrade was so wide that it could not be grasped or gripped by a person's hand, although the photographs and the architects's drawing introduced by the plaintiff show that the outer side of the top of the balustrade had a projection which could have been grasped. There was no handrail except the balustrade on each side of the stairway.

The evidence shows that the day was cloudy and because of the early hour it may be inferred that the daylight was not sufficient to illuminate the interior of the bank properly. However, the stairway was located in the central portion of the building and there is no evidence that the stairs depended upon daylight for illumination. Neither Mrs. Adair nor any other witness testified that the stairway was dark, nor did Mrs. Adair testify that she had any difficulty in seeing the stairs. She did testify that the only light that she saw near the stairway was over a desk situated to the right of the stairs. However, the pictures in evidence show that the upper portion of the stairway would be illuminated by lights in the ceiling of the lobby and that the lights illuminating the lower portion of the stairs (which turned after reaching a landing) would not be visible from the top of the stairway.

■ After a careful examination of the evidence, viewed most favorably to the plaintiff, we conclude that the evidence is not sufficient to justfy the submission of the case to the jury, and that the district court correctly instructed a verdict for the defendant. The mere fact that Mrs. Adair slipped and fell does not establish the bank's liability; there must be evidence showing that in some way the bank was at fault and that its fault was a cause of the injury. Texas & Pacific Coal Company v. Kowsikowsiki, 103 Texas 173, 125 S. W. 3; Wells. v. Texas Pacific Coal & Oil Company, 140 Texas 2, 164 S. W. (2d) 660. The bank owed a duty to Mrs. Adair, as a business invitee, to protect her against conditions of the premises which would involve an unreasonable risk to her safety, the danger of which would not be open or obvious to a person exercising ordinary care. See Restatement, Torts, Sec. 343. We do not think that the evidence showed that the bank violated such duty.

■ There is no evidence that the bank or its employees were in any way responsible for the stairs being slick, unless it might be inferred that they permitted the stairs to become and remain slick by reason of their use over a period of years by the bank's employees and customers. However, if this be assumed, the evidence is undisputed that the condition of the stairs was open, visible and obvious to any reasonably careful person. The plaintiff had been a customer of the bank for several years and had used these stairs at irregular intervals to go to the statement window. During this period the condition of the stairs was not changed and Mrs. Adair had ample opportunity to observe their condition. There is no evidence that there was any hidden or latent defect in the stairs, nor is there any evidence in the record that other persons had fallen on the stairs, similar to the evidence in J. Weingarten, Inc. v. Brockman, 134 Texas 451, 135 S. W. (2d) 698. Mrs. Adair's testimony that she did not realize that she was in danger or that the stairs were slick until she started slipping is merely a statement of her subjective mental condition. The condition of the stairs was as easily perceptible to Mrs. Adair as to the bank or its employees. Under these circumstances, we think that the plaintiff failed. to raise a fact issue to go to the jury on the question of the bank's negligence. Marshall v. San Jacinto Building, Inc.; 67 S. W. (2d) 372 (writ of error refused); Hausman Packing Co. v. Badwey, 147 S. W. (2d) 856 (writ of error refused); Russell v. Liggett Drug Co., Inc., 153 S. W. (2d) 231 (writ of error refused, w. o. m.); Ferguson v. National Bank of Commerce, 174 S. W. (2d) 1015.

If the inference might be drawn from the evidence that Mrs. Adair's fall was due to the presence of some liquid or other substance on the stairs, the bank would not be liable because there is no proof that the bank's employees placed it there or knew or had reasonable opportunity to know of its presence. Graham v. F. W. Woolworth Co., 277 S. W. 223 (writ of error dismissed); Great Atlantic & Pacific Tea Co. v. Logan, 33 S. W. (2d) 470; Worth Food Markets, Inc. v. Le Baume, 112 S. W. (2d) 1089 (writ of error dismissed); Smith v. Safeway Stores, 167 S. W. (2d) 1044.

The same reasoning applies to the other grounds of negligence asserted by the plaintiff. If it might be concluded that the stairs were not properly lighted, the undisputed evidence shows that this situation was open and apparent to Mrs. Adair. It was also obvious that the stairs were not covered or corrugated, and that no handrails existed except the balustrades on the sides of the stairs. The size and shape of the top of each balustrade had not been changed since the building had been constructed, and it was apparent that such surface was too wide to be grasped or gripped from above. All of these conditions being open and obvious to Mrs. Adair when she started down the stairway, it follows as a matter of law that the evidence does not show that the bank violated its duty to Mrs. Adair, and the plaintiff is barred from recovery because Mrs. Adair voluntarily exposed herself to such risks as existed. See authorities cited above and Restatement, Torts, Sec, 466.

We do not think that the cases cited by the plaintiff sustain his position in this case. In Alamo National Bank v. Hazlitt, 92 S. W. (2d) 315 (writ of error dismissed) the evidence showed that the bank had made the steps more slippery by the use of a cleansing compound. Furthermore, in that case it was held that the defense of assumed risk was not properly pleaded. In Morten Investment Co. v. Jordan, 57 S. W. (2d) 887 (reversed in Jordan v. Morten Investment Co., 127 Texas 37, 90 S. W. (2d) 241) the evidence showed that there were latent defects in the stairs, and that the steps were improperly lighted on the occasion in question, although they had been properly lighted when the plaintiff had used the stairs on previous occasions, and that the plaintiff was not reasonably chargeable with notice of these conditions.

The plaintiff raises by cross assignment the alleged error of the district court in excluding from the evidence a portion of an ordinance of the city of Houston regulating the con-

struction of stairs in "an office building, store, factory, hotel, lodging house or school." We think that the Court of Civil Appeals correctly held that this ordinance cannot properly be construed to apply to a structure such as the building involved in this case, which was designed specially, and was used exclusively, as a banking house. The ordinance undertakes to specify the types of structures to which it is applicable and none of these would, in their usual and normal meaning, include a bank. By implication, banks are excluded.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered January 7, 1948.

Rehearing overruled February 4, 1948.