**MOSS v. SAFEWAY STORES, Inc.**

No. 12989.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1950.

John D. Cofer, Austin, Tex., for appellant.

Frank C. Erwin, Jr., Jay H. Brown, Austin, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

Fanny F. Moss, appellant, brought this suit against Safeway Stores, Inc., a corporation organized under the laws of the State of Maryland, to recover damages for personal injuries sustained when she fell in a grocery store owned and operated by appellee in Austin, Texas.

The sole question confronting us for determination is whether the trial court properly instructed a verdict for the defendant, on the theory that there was no substantial evidence which would warrant submission of the case to the jury.

Appellant testified that on the morning of the accident she went to defendant's self-service grocery store for the purpose of cashing a check. Upon entering the store, she decided to buy some bananas. After locating and selecting the bananas from the vegetable and fruit section of the store, she commenced her return trip toward the check-out counters through a customer area when her "foot struck something", and she stumbled and fell. She could not precisely identify the object which caused her fall. At the time of her

mishap she was looking straight ahead and not watching her feet. After she tripped, she attempted to reach something to help her regain her balance, but was unable to do so. She stumbled forward several feet before sustaining the fall which caused her injuries. Appellant testified unequivocally that she did not go behind the checking counter reserved for store employees on the occasion of her accident, but that her fall occurred in the "open part of the store" within the main customer area.

The manager of the store, H. M. Hardy, testified that the store had check-out lanes or facilities to accommodate three lines of customers, and that the check-out aisles ran north and south. He stated that there were flat woven rubber mats placed on the floor of two of the checker's areas for the comfort of the employees, and that it was customary for retail grocery stores to provide such rubber mats on which the checkers could stand; that no customer had ever tripped or stumbled on a rubber mat during the seven years he had been employed at the store prior to appellant's injury. At the time of the accident, Hardy was standing some 10 or 15 feet from the checking counters and saw appellant approach the check-out aisle and turn south into one of the checker's areas. After she entered the checker's area, he saw her stumble and fall forward against the swinging door at the south end of the checker's area. Hardy did not actually see appellant's foot strike the rubber mat or any other object, but he inspected the floor of the checker's area after appellant had been removed for treatment of her injuries, and found only appellant's purse, some bananas and the rubber mat.

It is without dispute that appellant was approximately 74 years of age at the time of her injury. She had good eyesight, and had no difficulty seeing on the morning of the accident. The weather was clear and the sun was shining. The evidence is uncontradicted that the store was well lighted throughout.

■ When we come to measure the evidence in order to determine whether a jury question was presented, we must assume the injury occurred in the manner and location testified to by appellant. While the evidence of defendant's store manager supports the inference that appellant tripped over the rubber mat, there is no evidence whatever that this object was, at the time of the injury, located in the open part of the store where she testified she fell. To the contrary, the only evidence on this point is that the mat was located in the checker's area at the time it was discovered, where appellant was not supposed to be. Moreover, there is no evidence in the record by appellant or in her behalf identifying the object which caused her fall, or that such object was placed in the store by the defendant. The evidence does not reveal whether the presence of the object was known to appellee, or how long the object had remained in the store, or even that its presence was ordinarily dangerous to the safety of store customers. Under such circumstances, we can only conclude that appellant has failed to make out a *prima facie* case. It is well settled in Texas that in order to impose liability on a storekeeper for injuries to a business invitee by reason of a dangerous condition on the premises, the dangerous condition must have been created by the storekeeper, or must either have been known to him or have existed for such a time that in the exercise of ordinary care he would have discovered it. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Lane v. Massachusetts Mutual Ins. Co., Tex.Civ.App., 202 S.W.2d 311; Smith v. Safeway Stores, Tex.Civ.App., 167 S.W.2d 1044; F. W. Woolworth Co. v. Goldston, Tex.Civ.App., 155 S.W.2d 830.

■■ Regardless of the conflict in the testimony, and irrespective of whether appellant tripped and fell in the main customer area of the store, as she testified, or in the checker's area, as the store manager testified, there is still no evidence in this record that the area surrounding the injury was not sufficiently lighted, or that the object causing her fall was hidden or concealed in such manner as to be dangerous, or that appellant could not have observed it and avoided the injury by exercising ordinary care. The Texas authorities are substantially in accord with the

proposition that the duty of a storekeeper to maintain his premises safe for business invitees applies only to defects or conditions which constitute hidden dangers unknown to the invitee, and that there is no legal obligation on the part of a storekeeper to alter his premises so as to eliminate all known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was open and obvious and should have been observed in the exercise of ordinary care. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; A. C. Burton, Inc. v. Stasny, Tex. Civ.App., 223 S.W.2d 310; City of Waco v. Stinnett, et ux., Tex.Civ.App., 177 S.W. 2d 323; Stinnett v. City of Waco, 142 Tex. 648, 180 S.W.2d 433.

Affirmed.