## W. J. HOLMES
### v.
### Cecil CAGLE and James Cagle d/b/a Cagles.
### No. 7141.

Court of Civil Appeals of Texas.
Amarillo.
April 16, 1962.

Rehearing Denied May 7, 1962.

Scarborough, Black & Tarpley, Abilene, Sam H. Allred, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

DENTON, Chief Justice.

This is an appeal from a judgment rendered upon an instructed verdict in favor of Cagles, defendant below. W. J. Holmes filed suit for personal injuries alleged to have been sustained by him when a truck tire exploded when he was in the process of inflating it. After the close of all the testimony, the trial court sustained defendant's motion for an instructed verdict. Appellant timely perfected this appeal and brings forward two points of error, both of which deal with the trial court's action in instructing the verdict.

It is undisputed that Holmes was an independent contractor at the time he received the injuries on the Cagles' premises. Holmes was in the process of mounting and inflating a truck tire when it exploded and caused the rim to strike him. The tire came from a distributor other than Cagles, and the company for whom the tire was being changed was not a customer of Cagles. Holmes was using some tire changing equipment which was being furnished by Cagles. They had an agreement whereby Holmes purchased new and re-capped tires from Cagles, a tire distributor, and then resold them to his own customers. It is undisputed that Holmes was a business invitee on the appellees' premises.

It is Holmes' contention that Cagles was negligent in failing to provide any type of safety device for use when mounting tires and tubes; in failing to warn plaintiff of the danger; and in furnishing the plaintiff a defective tire or tube. The defendants pleaded Holmes had had several years of experience in mounting automobile and truck tires; that he knew the dangers involved; and that Holmes voluntarily exposed himself to the danger that might exist and assumed the risk. The appellees also alleged Holmes was contributorially negligent in several respects.

The basic question to be decided concerns the liability of an occupier of property to his invitee; and this question is narrowed to the question of whether the property owner's liability has been established as a matter of law. Much confusion has resulted from the decisions applying the various legal theories involving liability of an owner or occupier of land brought by invitees for injuries growing out of open and obvious dangers thereon. The Supreme Court has clarified the application of

the legal theories involved under these fact situations in McKee General Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391. In our opinion the principles laid down in the Patterson case are controlling in this case before us. Texas courts clearly recognize two legal theories, aside from the plaintiff's own negligence, for denying liability in a suit against an owner or occupier of land brought by an invitee for injuries growing out of open and obvious dangers thereon. One of these theories is based on the principle that there is no breach of any duty the land owner owes to the invitee, and the other theory is one which arises out of the doctrine of volenti non fit injuria—voluntary assumption of risk—which constitutes a defense to acts of negligence. In cases of this nature it is necessary to first determine whether there was evidence to support a finding of a breach of duty by the defendant before deciding the question of voluntary assumption of risk.

As a general rule, it is the duty of the land owner to exercise ordinary care to keep the premises in a reasonably safe condition so that an invitee will not be injured. Carlisle v. J. Weingarten, 137 Tex. 220, 152 S.W.2d 1073 and Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114. However, it is equally well established that the duty as expressed in the above general rule does not extend to those invitees who know or should know of the existence of the particular condition and who appreciate or should appreciate its dangers. McKee, General Contractor v. Patterson, supra; Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497; Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374. Under the fact situation before us we interpret the above qualification to mean that if Holmes, having a knowledge of the danger involved in changing and inflating the tire with the equipment at hand as furnished by Cagles, he exposes himself to this danger by thus using the equipment, there is no duty on the part of

Cagles to protect him by the use of reasonable precautions to eliminate the hazard.

By Holmes' own testimony he was aware of the hazard involved in changing and inflating the tire in question without the use of a safety device. Holmes testified on cross examination:

"Q    And I believe in your deposition you said that you had even mentioned that, that somebody was going to get hurt, or might get hurt—

"A    That's right, I sure did.

"Q    —before this occurred?

"A    That's right.

"Q    And you knew that it was a dangerous operation?

"A    Yes, sir.

"Q    And you knew that before you changed the tire?

"A    That's right.

"Q    And you knew that at all times before you started this operation of dismounting the wheels or putting on these other tires, is that correct, sir?

"A    That's correct."

*    *    *    *    *    *

"Q    And you, knowing that danger, and realizing the danger, went ahead and did it, isn't that correct?

"A    I sure did."

This testimony, together with the admitted experience of Holmes in this phase of the tire business, leads us to the inescapable conclusion that Holmes voluntarily exposed himself to the danger involved which he fully realized, and therefore it follows that Cagles breached no duty it owed to Holmes. As Holmes failed as a matter of law to prove a breach of duty by Cagles, the trial court correctly instructed a verdict for the defendant below.

The judgment of the trial court is therefore affirmed.