**REPUBLIC NATIONAL BANK BUILDING COMPANY, Appellant,**

v.

**J. W. MYATT, Appellee.**

No. 16007.

Court of Civil Appeals of Texas.

Dallas.

May 11, 1962.

Rehearing Denied June 8, 1962.

Thompson, Knight, Wright & Simmons, and Timothy E. Kelley, Dallas, for appellant.

Akin & Vial, Henry D. Akin, Jr., Dallas, for appellee.

WILLIAMS, Justice.

This is a "slip and fall" personal injury action. On February 14, 1958 Mrs. Alice Myatt, wife of J. W. Myatt, was an employee of C. L. Norsworthy, Jr. who occupied offices on both the 26th and 27th floors of the Republic National Bank Building in Dallas, Texas. Five elevators operated between these two floors. Also, there was a transfer stairway between the two floors which was habitually used by Mrs. Myatt and other Norsworthy employees for inter-office traffic, said stairway being used more frequently than the elevators because "it was handier". The stairway in question consisted of two flights of stairs, each flight having ten steps, and said two flights being separated by a landing. Each step of the flight is composed of a concrete tread which is in-cased in a steel riser and steel side pieces with a one inch wide metal strip on the front edge of each step. On the day in question Mrs. Myatt was descending the transfer stairway from the 27th floor to deliver payroll checks to the employees on the 26th floor. She had reached the landing and had just started down the second flight of stairs when she slipped and fell, resulting in personal injuries. Suit was instituted by J. W. Myatt against Republic National Bank of Dallas and Republic National Bank Building Company. The Travelers Insurance Company intervened, seeking to recoup workmen's compensation insurance payments previously made to Mrs. Myatt. Plaintiff alleged numerous acts of negligence on the part of the defendants to which the defendants responded, contending that Mrs. Myatt was guilty of contributory negligence; that the condition of the stairway where plaintiff sustained her fall was open and obvious; that the doctrine of volenti non fit injuria was applicable in that Mrs. Myatt voluntarily exposed herself to the risk of injury which was open and obvious to her. At the conclusion of the testimony the defendant Republic National Bank of Dallas was dismissed from the case by instruction and such action is not here contested.

The case was submitted to the jury on special issues, sixteen in number, but we need only to refer to the issues which we deem material to this appeal. Special Issue No. 1 was: "Do you find from a preponderance of the evidence that defendant building corporation failed to provide the steps in question with an abrasive substance in addition to the existing surface thereon at the time and on the occasion in question?" To this question the jury answered: "Yes". In answer to Special Issues Nos. 2 and 3 the jury found that such failure was negligence and a proximate cause of Mrs. Myatt's injuries. Special issue No. 4 asked: "Do you find from a preponderance of the evidence that the steps in question were maintained by the defendant building corporation in an ex-

cessively slick condition immediately prior to the accident in question? By the term such 'excessively slick' as used in this issue, is meant a slickness in excess of that that would have been maintained by a person of ordinary prudence exercising ordinary care." To this issue the jury answered: "No". The jury then acquitted Mrs. Myatt of various acts of contributory negligence. In Special Issue No. 15, the court asked: "Do you find from the preponderance of the evidence that the condition of the stairway on the occasion in question was not open and obvious to Alice Myatt? In connection with the foregoing Special Issue, you are instructed that the term 'open and obvious' means a condition which is as readily viewable and ascertainable by Alice Myatt, as it is readily viewable and ascertainable to the employees of the defendant Republic National Bank Building Company." The jury answered this issue: "It was open and obvious."

The defendant Building Corporation moved for judgment on the verdict and, in the alternative, moved for judgment notwithstanding the verdict; motion for mistrial, and motion to disregard the jury's answers to Special issues Nos. 1, 2 and 3. The court overruled these motions and sustained plaintiff's motion for judgment, rendering judgment upon said verdict for plaintiff and also judgment for the intervenor, Travelers Insurance Company.

Appellant appeals, assigning four points of error, (1) the error of the trial court in overruling appellant's motion for instructed verdict; overruling motion for judgment notwithstanding the verdict of the jury; and in overruling the motion to disregard the jury's answers to Special Issues Nos. 1, 2 and 3, because (a) there was no duty to provide the steps in question with an abrasive substance because the jury found that the stairs were not maintained in a slick condition, and because there was no evidence that a dangerous defective condition existed on the stairway; (b) there was no evidence of

negligence on the part of appellant; (c) because Special Issues Nos. 1, 2 and 3 should not have been submitted in that they are purely evidentiary in character; (2) the error of the court in overruling appellant's motion for new trial because the jury's answers to Special Issues Nos. 1, 2 and 3 are in conflict with the answer of the jury to Special Issue No. 4; (3) the error of the court in overruling appellant's motion for instructed verdict; motion for judgment notwithstanding the verdict of the jury; and motion to disregard the jury's answers to Special Issues Nos. 1, 2 and 3, because (a) the jury's answer to Special Issue No. 15 (the condition of the stairway being open and obvious) establishes that appellant owed no duty to Mrs. Myatt and that appellee is barred from recovery by the defense of volenti non fit injuria; (b) that the evidence establishes conclusively and as a matter of law that, because Mrs. Myatt voluntarily encountered the risk of the alleged condition of the stairway that appellant owed no duty to Mrs. Myatt with respect to such open and obvious condition, and that appellee is barred from recovery by the defense of volenti non fit injuria; and (4) the error of the trial court in rejecting requested Special Issues Nos. 1 and 2 in connection with the defense of "no duty" and volenti non fit injuria.

We have carefully reviewed all of the testimony introduced at the trial of this case concerning Mrs. Myatt's fall on the occasion in question and also the condition of the stairway, both prior to and at the time of her fall. Appellant concedes that the evidence is conflicting regarding the alleged slick condition of the stairway. Appellee's witnesses testified that the steps were slick, shiny and slippery, whereas appellant's witnesses maintained that the steps were not slick or slippery and were cleaned and maintained in a proper manner. At the time of her fall Mrs. Myatt, who was then 37 years of age, had been working for C. L. Norsworthy, Jr. for a period of two years.

In the course of her duties Mrs. Myatt used the transfer stairway whenever necessary, perhaps "once a week, or frequently twice a week" during the two year period of her employment preceding her injury. On the day in question she was proceeding down the stairway to the 26th floor wearing regular heeled shoes, and carrying payroll checks in her hand. She testified that she was not in a hurry, that she was not running, and that she was watching where she was going. She said that she had gotten to the halfway landing between the 26th and 27th floors and had started around this halfway landing when she started to slip and fall. She said that after she fell she looked back up the stairs and saw something that appeared "shiny". Mr. Thomas, Chief of Service of the appellant, testified that there was a glazed area, being a smoothness on the stairs, being caused by wear of leather; that the second and third step was worn smooth. He testified that the stairs had not been equipped with corrugation or an abrasive edge. He also admitted that he knew that this particular stairway was frequently used, instead of the elevators, and that no special procedure had been taken in connection with this stairway.

Appellant's points complaining of "no evidence" to support the jury's answers to Special Issues Nos. 1, 2 and 3 (regarding lack of abrasive substance on the stairway) must be overruled. In passing upon "no evidence" points we are governed by the well-established rule that an issue of fact is raised, if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, the jury might have found in favor of the plaintiff. Wininger v. Fort Worth & Denver City Ry. Co., 105 Tex. 56, 143 S.W. 1150; Great Atlantic & Pacific Tea Co. v. Giles, Tex.Civ.App., 354 S.W.2d 410, and cases therein cited. As demonstrated above, there is conflicting evidence concerning the condition of and maintenance of the stairway in question, hence such "no evidence" points must be overruled. Nor can we agree with appellant that the issue complained of is evidentiary.

We are unable to agree with appellant in its contention that the jury's answer to Special Issues Nos. 1, 2 and 3 (lack of abrasive substance on the stairway) are in conflict with the jury's answer to Special Issue No. 4 which found that the stairway was not "maintained" in a slick condition. Both Special Issue No. 1 and Special Issue No. 4 were submitted affirmatively in support of plaintiff's contention of defendant's primary negligence. Both were proper issues under the pleadings and evidence raised. The question of placing an abrasive substance "in addition to the existing surface" of the stairway involved a question of *construction* of the stairway. The question, as reflected by Issue No. 4, as to whether the steps in question "were maintained" in an excessively slick condition, inquires concerning *maintenance* as opposed to *construction*. We do not believe that the jury's answers to these issues are conflicting, therefore we overrule appellant's second point.

We turn now to a consideration of appellant's third and fourth points, the same being in essence, that appellee is barred from recovery, as a matter of law, because of the jury's answer to Special Issue No. 15 concerning the "open and obvious" condition of the stairway, or, in the alternative, that if such jury response, in itself, is not sufficient to bar recovery then the trial court erred in refusing to submit requested Special Issues 1 and 2 which encompassed the essential elements of the defense of "no duty" and, "volenti non fit injuria". These points of error again accent the ever increasing problems that confront our courts in cases of this kind involving "open and obvious conditions." Keeton, U. of Pa.L. Rev. 100 pp. 629–648. The climate of confusion has been dissipated in large measure by our Supreme Court in the landmark case of Robert E. McKee, Gen. Cont. v. Patter-

son, 153 Tex. 517, 271 S.W.2d 391. In that case Patterson, an employee of a subcontractor, climbed a ladder to perform his work. The ladder was located on a slick floor. He fell and sustained injuries and his resulting suit for damages raised the defensive issue of "open and obvious" condition and "volenti non fit injuria". Chief Justice Calvert, in a far reaching and comprehensive opinion denying recovery, announces rules of law which are determinative of the instant appeal. Accordingly, we quote extensively from that opinion. Bearing in mind that we are here concerned with the defensive issues, aside from contributory negligence, we quote Judge Calvert's basic pronouncement of this applicable rule:

"There are two legal theories, wholly aside from the plaintiff's own negligence, for denying liability in a suit against an owner or occupier of land brought by an invitee for injuries growing out of open and obvious dangers thereon. One rests on the judicial concept that there is no breach of any duty the landowner owes to his invitees. The other arises out of the doctrine of violenti non fit injuria—voluntary encountering risk—which is regarded as a defense to all negligence actions. In this state both theories are recognized. Actually, in their application to a given fact situation the two theories so completely overlap as to be almost indistinguishable."

The Court then proceeded to say that it was necessary to determine whether there was a breach of duty by the defendant before reaching the other questions presented by the defense of voluntary exposure to risk. The Court then said:

"In determining whether a landowner is liable to an invitee for injuries sustained on the premises, the duty of the landowner is frequently phrased as one 'to exercise ordinary care to keep the premises in a reasonably safe condition' so that the invitee will not be injured. Carlisle v. J. Weingarten,

Inc., 137 Tex. 220, 152 S.W.2d 1073, 1074; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, 628–629; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 615. But that is only a simplified statement of the duty, sufficient to meet the problems presented in the particular cases. There are certain qualifications not there expressed. It is now well established in this state that the duty as there expressed does not extend to those invitees who know or should know of the existence of the particular condition and who appreciate or should appreciate its dangers. Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497; A. C. Burton Co., Inc., v. Stasny, Tex. Civ.App., 223 S.W.2d 310, writ refused; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Hausman Packing Co. v. Badwey, Tex.Civ.App., 147 S.W.2d 856, writ refused; Marshall v. San Jacinto Bldg., Tex.Civ.App., 67 S.W.2d 372, writ refused. What the qualification means, of course, is that inasmuch as the invitee has knowledge of the dangers there is no duty on the owner to warn him of them. It means also that if, having knowledge of the dangers, the invitee exposes himself to them he must take the premises as he finds them and there is no duty on the owner to protect him even by the use of reasonable precautions to eliminate the hazards."

The Court then turned to the defense of voluntary exposure to risk:

"In determining liability, under the defense of voluntary exposure to risk, it is said that one cannot recover for injuries sustained while voluntarily exposing himself to a danger which he either does or should fully realize and appreciate. 38 Am.Jur. 845 et seq., Negligence, Secs. 171–173; 65 C.J.S., Negligence § 174, p. 848; Levlon v. Dallas Ry. & Terminal Co., Tex.Civ. App., 117 S.W.2d 876, writ refused; Wood v. Kane Boiler Works, 150 Tex.

191, 238 S.W.2d 172, 174; Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, 610."

The Court then turning attention to the important question of "knowledge and appreciation of danger" said:

"In all such cases, knowledge of the existence of the condition and appreciation of the danger therein by the parties are important factors in determining liability, but the rule for determining whether the parties should have known of the condition and appreciated its danger is not always the same as to each. The owner is charged with knowledge of any dangerous condition that a reasonable inspection would have revealed because his duty to keep his premises in a reasonably safe condition for use by his invitees includes a duty to inspect. Smith v. Henger, [148 Tex. 456, 226 S.W.2d 425] R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ. App., 145 S.W.2d 675, writ refused. There is no such obligation on the invitee. Peck v. Peck, 99 Tex. 10, 87 S.W. 248; Triangle Motors of Dallas v. Richmond, Tex., [152 Tex. 354] 258 S.W.2d 60, 63. While he may not close his eyes to obvious dangers, he has a right to assume that the premises are safe for his use. Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357, 360; Triangle Motors of Dallas v. Richmond, supra; Restatement of Torts, Vol. 2, Secs. 343a and 343d."

The Court then reaching the crucial question of the necessary elements to establish liability and to establish the defense of voluntary exposure said:

"In order to fix liability on the owner it must first be established that he knew or should have known of the existence of the condition and that he should have appreciated its dangers. Once this is established either as a matter of law or by a fact finding, the inquiry then turns to what was known and appreciated, or should have been known and appreciated, by the invitee. In some cases, the existence of the condition may be so open and obvious and the dangers inherent in it so apparent that we may say as a matter of law that the invitee should have known of and appreciated them. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Marshall v. San Jacinto Bldg., Tex.Civ.App., 67 S.W.2d 372, writ refused; A. C. Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310, writ refused; United Gas Corp. v. Crawford, 141 Tex. 332, 172 S.W.2d 297. In others, whether the condition was so open and obvious and the dangers in it so apparent that the invitee should have known of them may be fact questions. Triangle Motors of Dallas v. Richmond, Tex., [152 Tex. 354] 258 S.W.2d 60; Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497; Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357."

·The Court then found that the evidence was undisputed that both the defendant and the plaintiff knew of the slick and dangerous condition of the floor and that Patterson fully appreciated the danger of working on it when he mounted the ladder in question. So, said the Supreme Court the question of knowledge and appreciation of danger was established, as a matter of law.

Appellant, here asks us to do that which the Supreme Court did in McKee, that is to say, find, as a matter of law, that Mrs. Myatt knew and fully appreciated the danger of walking on the stairs on the occasion in question. Appellant argues that the case clearly falls within the rules of Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, which involved walking over a slick marble floor, known to be slick by the person injured. With this contention we cannot agree. The testimony in this case does not establish, as it did in McKee and Adair, that the injured person knew and appreciated the condition which proved to

be dangerous, as a matter of law. Mrs. Myatt testified that she did not know of the dangerous condition of the stairs prior to the time she descended the stairway on the occasion in question, such testimony of an interested party raising an issue of fact.

The finding of the jury in answer to Special Issue No. 15 to the effect that the condition of the stairway in question was "open and obvious", which finding appellee here does not attack being unsupported by the testimony, presents clearly the "no duty" rule as discussed by Judge Calvert above. But, as Judge Calvert said there must be an appreciation of the danger and a voluntary exposure thereto, following knowledge. As stated above, it is our opinion that the testimony in this case cannot be said to establish the necessary elements of appreciation of danger, as a matter of law. Point three is overruled.

Being an issue of fact, the trial court was requested to submit to the jury defensive Special Issues 1 and 2 which inquired (1) whether Mrs. Myatt knew of the slippery condition of the stairway, or by an exercise of ordinary care should have known it, and (2) whether Mrs. Myatt appreciated the full extent of the danger involved in the use of the stairway. These issues were refused and there are no jury findings upon these necessary elements of the defensive issues.

Appellee earnestly contends that if appellant is correct in its fourth point concerning refusal of defensive issues, then such point should be overruled because appellant did not request the defensive issues in substantial correct form, thereby waiving same under the rule. Rule 279, Texas Rules of Civil Procedure. In support of this contention appellee points to the fact that there was no issue requested concerning the "voluntary" exposure to the risk. We cannot agree with appellee in this connection. The testimony reveals that, without dispute, Mrs. Myatt voluntarily, and of her own choice, utilized the stairway in question as a matter of convenience to her, rather than utilize the elevators, which were equally available to her in proceeding between the two floors of the building. The same contention was raised and decided adversely to appellant McKee, supra, and in Rittenberry v. Robert E. McKee, Gen. Cont., Inc., Tex.Civ.App., 337 S.W.2d 197. See also Franklin v. City of Galveston, Tex. Civ.App., 256 S.W.2d 997; Chekanski v. Texas & N. O. Ry. Co., Tex.Civ.App., 306 S.W.2d 935 and Keeton, Personal Injuries Resulting from Open and Obvious Conditions—Special Issue Submission in Texas, 33 Tex.L.Rev. 1, 9.

Finding, as we do, that appellant properly requested the submission of its defensive issues, it necessarily follows that the court's refusal to submit same constitutes reversible error. Appellant's fourth point is sustained.

The judgment of the trial court is reversed and remanded.