FURR'S SUPER MARKET, INC., Appellant,

v.

Ila Mae JERNIGAN et vir, Appellees.

No. 7366.

Court of Civil Appeals of Texas.

Amarillo.

June 8, 1964.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

W. D. Hollars, Plainview, for appellees.

DENTON, Chief Justice.

This is a venue case under Sections 9a and 23, Article 1995, Vernon's Ann.Tex. Civ.St. Ila Mae Jernigan, joined pro forma by her husband, filed suit for alleged personal injuries sustained when she slipped and fell in a grocery store owned and operated by appellant in Plainview, Texas. From an order overruling its plea of privilege to be sued in Lubbock County, appellant perfected this appeal.

When a defendant has filed a plea of privilege in proper form it is incumbent that the plaintiff, if he desires to controvert the plea, both plead specifically and prove the facts relied upon to bring the case within one of the exceptions. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. It is settled, and both parties concede, that the burden rests on the plain-

tiff to prove a cause of action against the defendant to maintain venue in Hale County, where the suit was filed, under both Subdivisions 9a and 23 of Article 1995, VATS. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S. W.2d 605; Lynch v. Millican, (Tex.Civ. App.), 304 S.W.2d 410; Watkins v. Goolsby, (Tex.Civ.App.), 337 S.W.2d 363.

Mrs. Jernigan, the only witness who testified, testified she went to appellant's grocery store in late afternoon of November 21, 1962, to purchase groceries. She obtained a cart or carriage and proceeded up and down the aisles of the store selecting various grocery items. After completing her shopping, she was proceeding to the checking counter when she slipped and fell. She described the incident, "Well, all of a sudden I stepped on something—or something was—stepped on something and my foot—feet went out from under me and I fell and I hit the buggy." She did not specifically identify the object which might have caused her to slip and fall, but on direct and cross-examination she merely referred to the object as "something" and testified she did not see anything on the floor before she fell.

 It is well settled that in order to hold a store operator liable for injuries sustained by a business invitee by reason of a dangerous condition on the premises, the dangerous condition must have been created by the store operator, or must either have been known to him or have existed for such a length of time that in the exercise of ordinary care he would have discovered it. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Furr's Inc. v. Martin, (Tex.Civ.App.), 296 S.W.2d 607; F. W. Woolworth v. Goldston, (Tex.Civ. App.), 155 S.W.2d 830, (Error Refused, WM); Safeway Stores, Inc. v. Miller, (Tex.Civ.App.), 110 S.W.2d 927; Moss v. Safeway Stores, Inc., 185 F.2d 966, (5th Circuit).

There is simply no evidence that the agents or employees of appellant caused the object or "something" to be on the floor, or that appellant knew of the presence of such object at the place where Mrs. Jernigan fell. There is a complete lack of evidence that it was there for such a length of time that it was the duty of appellant, in the exercise of ordinary care, to know of its presence and remove it. We can only conclude appellees failed to establish negligence on the part of appellant. The failure of appellees to prove an essential venue fact requires a reversal of the judgment of the trial court.

The order of the trial court is reversed. Appellant's plea of privilege is sustained and the cause transferred to the District Court of Lubbock County.

Reversed and rendered.