**Jose S. CANTU, Appellant,**

v.

**WALSH & BURNEY COMPANY, Appellee.**

No. 14371.

Court of Civil Appeals of Texas.

San Antonio.

April 7, 1965.

Rehearing Denied May 5, 1965.

Rudy Rice, James H. Brannon, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from a summary judgment that appellant, Jose S. Cantu, take nothing from appellee, Walsh & Burney Company.

On January 20, 1962, appellant was undertaking to start a plaster mixing machine by pulling a rope. The rope broke and he fell through an opening in the basement floor into the sub-basement and very severely injured himself. Appellant brought this suit against Walsh & Burney Company, the general contractor on the construction job of the new Methodist Hospital in San Antonio, Bexar County, Texas. Leland Hastings was the sub-contractor to do the plastering on this construction job, and Cantu was an employee of Hastings. The plaster mixer had been placed about ten feet from this hole in the basement floor so that after the mortar had been mixed it could be run through a chute into the sub-basement. Cantu was familiar with the premises and had been working around the plaster mixer for several days. At first the mortar had been run through a chute in the elevator shaft, but the shaft was needed by other workers, so the mixer was moved to a new location about ten feet from the hole in the floor through which Cantu fell. The rope that broke was a new rope belonging to Leland Hastings, and Walsh & Burney Company was in no way responsible for the rope. The hole was open and obvious, and Cantu knew the hole was not covered and did not have a guard rail around it. Leland Hastings did not have authority to cover the hole or place a guard rail around it, only Walsh & Burney Company had authority to do that.

Appellant knew he was working next to the hole, because he had been working there for two days. He helped place the plaster mixer where it was, and helped place some boards over the hole to hold the chute in place. The hole was necessary

**22**

in order to get the plaster into the sub-basement where it was needed. The open unguarded hole was as well known and as obvious to appellant as it was to appellee, therefore, appellee did not owe appellant any duty to warn him about the hole or to place a guard rail around it. Wesson v. Gillespie, 382 S.W.2d 921 (Tex.1964); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Marshall v. San Jacinto Bldg., Tex. Civ.App., 67 S.W.2d 372.

The judgment is affirmed.