**UNITED SUPER MARKETS, Appellant,**

v.

**Lena THOMAS et vir, Appellees.**

**No. 7882.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 4, 1968.

Crenshaw, Dupree & Milam, and Cecil C. Kuhne, Lubbock, for appellant.

Edwards & Brackett and Carson Smith, Lubbock, for appellees.

DENTON, Chief Justice.

This is a venue case under Sections 9a and 23 of Article 1995, Vernon's Ann.Civ. St. Leana Thomas, joined pro forma by her husband, filed suit in the District Court of Lubbock County for alleged personal injuries sustained when she slipped in a grocery store operated by United Super Markets in Lubbock, Texas. From an order overruling its plea of privilege to be sued in Wilbarger County, the county of its residence, appellant perfected this appeal.

Mrs. Thomas was in appellant's grocery store in midmorning of May 3, 1967 to purchase milk. After selecting the milk at the rear of the store, she proceeded to the front. As she turned a corner around one of the counters she slipped. She caught herself by taking hold of a bin or display counter and did not fall to the floor. The store manager was standing nearby and immediately went to her. They both checked the floor in the area where she had slipped, and the store manager found a small piece of scotch tape stuck to the tile floor. Mrs. Thomas described the tape as being 2½ inches long and ½ inch wide. The store manager testified it was approximately ¾ inch long and ½ inch wide. He removed the tape from the floor by the use of a "box opener" which carried a razor blade. Mrs. Thomas did not see the piece of tape until after she slipped and "after he [store manager] showed it to me". She testified she knew she slipped on the tape "because it wasn't anything else down there to step on but tape". There was no difference in the appearance of the floor where the tape was removed and the area next to it, however, Mrs. Thomas testified she saw dirt under the scotch tape after it had been removed from the floor. Neither witness detected wax on the tape nor did either notice any skid marks on it.

The burden is upon the plaintiff to prove a cause of action by a preponderance of the evidence against the defendant in order to maintain venue in Lubbock County, where the suit was filed, under both Subdivisions 9a and 23 of Article 1995. Victoria Bank & Trust Company v. Monteith, 138 Tex. 216, 158 S.W.2d 63. Lynch v. Millican (Tex.Civ.App.) 304 S.W.2d 410. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605. Watkins v. Goolsby (Tex.Civ.App.) 337 S.W.2d 363.

It is settled in Texas that in cases such as this it is incumbent upon the plain-

tiff to prove (1) that the defendant placed the object on the floor, or (2) knew the object was on the floor and negligently failed to remove it, or (3) that the object had been on the floor for such period of time that the defendant, in the exercise of ordinary care would have discovered and removed the object. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, H. E. Butt Grocery Company v. Russell, 391 S.W.2d 571 (Ref. N.R.E.). Furr's Super Market v. Jernigan (Tex.Civ.App.) 380 S.W.2d 193, and cases cited.

■ There is a complete absence of evidence to support the first or second basis enumerated above; that is, that the defendant or its employees caused the tape to be on the floor or knew it was on the floor and negligently failed to remove it. If plaintiff is to prevail, it must be on the basis of the third ground enumerated. This requires that the scotch tape must have been on the floor for such period of time that ordinary care in making an inspection would have resulted in discovering the tape. The floor was mopped after closing each night and was swept "periodically" through the day. The floor had not been waxed for some two weeks prior to the occasion in question. No wax nor skid marks were found on the tape nor was the floor underneath the tape discolored or noticeably different from the area adjacent to this spot. The only inference that the tape had been on the floor for any length of time was the statement of Mrs. Thomas: "Well, it looked like ordinary tape on the top, but after he pulled it up like this, it was dirt under it". In answer to a question "Under the bottom of it?"; she replied "Yes, sir, on the end". Nevertheless, she did not notice the scotch tape herself until the store manager pointed it out to her after she slipped. The fact the tape had to be scraped from the floor is not probative evidence the tape had been on the floor for an extended period. The fact it was stuck to the floor could have taken place in a matter of seconds. These facts and circumstances do not raise an in-ference that the tape had been on the floor for such a period of time to impose constructive knowledge of its presence upon the defendant. The failure of the plaintiffs to prove a cause of action against the defendant requires a reversal of the trial court.

The order of the trial court is reversed. Appellant's plea of privilege is sustained and the cause transferred to the District Court of Wilbarger County.

Reversed and rendered.