Dennis G. Brewer, James E. Price, Irving, for appellee.

BATEMAN, Justice.

**SHELL OIL COMPANY, Appellant,**

**v.**

**Earl W. PEELER, Appellee.**

**No. 17589.**

Court of Civil Appeals of Texas, Dallas.

March 19, 1971.

Rehearing Denied April 16, 1971.

The appellee Earl W. Peeler sued appellant Shell Oil Company, herein called Shell, for damages on account of injury to his hand sustained when he tried to open a sliding glass door by pushing it inward as if it were a swinging door. The jury found, in answer to special issues, (1) that the glass in the door was not safety glass, but (2) that failure to use safety glass was not negligence; (4) that Shell failed to warn Peeler that the glass was part of a sliding door, (5) which failure was negligence and (6) a proximate cause of the occurrence; (7) that Peeler did not fail to keep a proper lookout; and (9) that the occurrence was not the result of an unavoidable accident. Judgment was rendered awarding Peeler damages as found by the jury.

Shell's first twelve points of error on appeal attack the judgment insofar as it is based on the finding of Shell's negligence in failing to warn that the glass door was of the sliding type, rather than the swinging type.

The evidence is undisputed. Peeler, in addition to his profession as an elementary school teacher, also drove a school bus. For convenience, he left the bus at Shell's service station, where he purchased necessary petroleum products and had the bus serviced. He was a business invitee. He had gone from the "service bay" into the office, or sales room, many times through the front door, which was of the swinging type. On the occasion in question he attempted, for the first time, to enter this area by using a side door, which was a sliding glass door. He attempted to open the door by pushing on the glass portion of it (although the statement of facts contains a photograph of the door which indicates that it had a metal frame around it and a metal handle, but no metal plate or other feature apparently designed to be pushed against), with the result that the glass shattered and severely cut his hand.

The case turns on the sole legal question of whether Shell owed Peeler a duty to warn him that the door was a sliding, rather than a swinging, door. Admittedly no such warning was given. When Peeler rested his case, Shell moved for a directed verdict and, after verdict, moved for judgment *non obstante veredicto*. In both motions it was urged that there was no evidence to support a finding of negligence on its part proximately causing Peeler's injury.

In Shell's Points of Error Nos. 1, 4, 5, 6, 9 and 12 it is contended that these motions were erroneously overruled because there was no evidence that the door in question was improperly structured or maintained or that there was any defect in it, that the fact that it was a sliding door was open and obvious and, hence, there was no duty to warn Peeler of that fact, and that the failure to so warn him was not, as a matter of law, a proximate cause of his injury because it was not foreseeable that he would attempt to push the door open with his hand. These points, in our opinion, are all well taken and well supported by the decisions of the State.

■ In passing upon these "no evidence" points, we have viewed the evidence in the light most favorable to Peeler, disregarding evidence and inferences which are contrary to the jury findings, Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 622, 23 A.L.R.2d 1114 (1950); Butler v. Hanson, 455 S.W.2d 942, 944 (Tex.Sup.1970), and still fail to find in this record any evidence of probative value that this door constituted a dangerous condition or instrumentality; but if it could be so considered, the rule is well settled that the occupier of land is under no duty to warn an invitee of an open and obvious danger for he can see it as well as anyone else and is charged with notice of such danger—"there is 'no duty' to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof." Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 378 (Tex. Sup.1963); Katz v. Southwestern Scrap Materials Co., 412 S.W.2d 685, 689 (Tex. Civ.App., Dallas 1967, no writ).

Peeler concedes this to be the rule in his brief, saying: "The issue is whether it was open and obvious that the door was a sliding door rather than a swinging door." He thus assumes that the sliding door constituted a dangerous condition or instrumentality. This assumption, in our opinion, is wholly unwarranted and without support in the evidence. The premise therefor having been thus effaced, his argument that Shell breached a duty to warn him likewise falls, for the law does not impose on the occupier of land a duty to warn invitees of conditions or instrumentalities which are in fact not dangerous.

■ In the absence of a dangerous condition or instrumentality, the "no duty" and *volenti non fit injuria* doctrines simply have no application. However, if we be mistaken in that view, we hold that under the undisputed evidence revealed by the record of this case the fact that the door was of the sliding type was open and ob-

vious and that there was no duty on the part of Shell to warn of that evident fact. Peeler's own testimony shows that he at least recognized the possibility that the door was of the sliding type, for he testified:

> "Well, I approached the door at a normal walk, and thinking that it was a double panel door, *and I couldn't detect whether it was a swinging door or a sliding glass door* or not, and I just put my hand up on it and started through it, and * * * it shattered." (Italics ours.)

Knowing that it might be a sliding door, he elected nevertheless to treat it, not only as a swinging door, but as a swinging door that was unlocked and one that opened away from him and not toward him, and pushed on the glass portion of the door with sufficient force to shatter the glass. Under these circumstances, we hold that Shell's motions for directed verdict and for judgment *non obstante* should have been granted, and that the judgment must be reversed and rendered. A. C. Burton Co. v. Stasny, 223 S.W.2d 310 (Tex.Civ.App., Galveston 1949, writ ref'd); Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 376 (1948); Marshall v. San Jacinto Building, Inc., 67 S.W.2d 372, 374 (Tex. Civ.App., Beaumont 1933, writ ref'd).

By its Points of Error Nos. 2, 3, 7, 8, 10 and 11 Shell contends that the evidence was insufficient to show any defect in the door in question, or any duty to warn Peeler that the door was a sliding door, or that the failure to warn him was a proximate cause of his injury, and that the jury's answers to special issues 5 and 6 were so against the great weight of the evidence as to be manifestly wrong and unjust. Without further discussion, and because of our above holdings on the "no evidence" points, we also sustain these points.

Shell's Points of Error Nos. 13 and 14 attack the finding that Peeler did not fail to keep a proper lookout as being without support in the evidence and as being against the great weight and preponderance of the evidence. Our holdings sustaining Shell's first twelve points of error make it unnecessary for us to pass on these points.

The judgment appealed from is reversed and here rendered that Peeler take nothing.

Reversed and rendered.