Affirmed and Memorandum Opinion filed August 18, 2005









Affirmed and Memorandum Opinion
filed August 18, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00663-CV

_______________

 

ELLA BOSTICK, Appellant

 

V.

 

METRO NATIONAL CORPORATION, METRO
NATIONAL AND 

METRO NATIONAL MANAGEMENT & BROKERAGE SERVICES,
Appellees

________________________________________________________________________

 

On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 03‑24758

________________________________________________________________________

 

M
E M O R A N D U M   O P I N I O N








In this personal injury case, appellant Ella Bostick appeals
a no-evidence summary judgment in favor of appellees, Metro National
Corporation, Metro National, and Metro National Management & Brokerage
Services (collectively AMetro@).  Bostick argues the
trial court erred because (1) Metro=s motion failed to comply with Rule
166a(i) in that (a) it was filed prior to the expiration of the discovery
period stated in the trial court=s docket control order, and (b) it
was conclusory; and (2) her summary judgment response raised a fact issue on
the elements of her cause of action against Metro.  Finding no error in the trial court=s judgment, we affirm.

I. 
Factual and Procedural Background

Bostick sued Metro for personal injuries she suffered when
she slipped and fell on stairs in Metro=s parking garage.  At the time of her injuries, Bostick was
employed by ELF-FINA, one of Metro=s tenants.  Metro filed a no-evidence summary judgment
motion, claiming Bostick had no evidence of any elements of her cause of
action.  The trial court granted Metro=s motion, and Bostick timely filed
her notice of appeal.

II. 
Discussion

A.        Procedural
Issues and Metro=s No-Evidence Motion

1.         Was Metro=s No-Evidence Motion Fatally APremature@?

Bostick argues in her first issue that in accordance with the
trial court=s docket control order, the discovery
period in this case was to end on April 26, 2004 and, because Metro filed its
no-evidence summary judgment motion thirty-eight days prior to that date, the
motion did not comply with the requirements of Rule 166a(i).








Under Rule of Civil Procedure 166a(i), a party may move for a
no-evidence summary judgment A[a]fter adequate time for discovery.@ 
Tex. R. Civ. P. 166a(i); Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  The comment to Rule 166a(i)
states that A[a] discovery period set by pretrial
order should be adequate opportunity for discovery unless there is a showing to
the contrary, and ordinarily a motion . . . would be permitted after the period
but not before.@  Tex. R. Civ. P. 166a(i) cmt.  AThis comment, unlike other notes and
comments in the rules of civil procedure, was specifically intended to inform
the construction and application of the rule.@ 
Specialty Retailers, 29 S.W.3d at 145.  According to Bostick, because the comment to
Rule 166a(i) states a no-evidence motion is permitted after the discovery
period but not before, Metro=s motion in this case is fatally premature.

But, as this Court has previously stated, Rule 166a(i) does
not require that discovery have been completed, only that there be Aadequate time.@ 
Specialty Retailers, 29 S.W.3d at 145.[1]  Several factors are considered in determining
whether there was adequate time for discovery, such as the nature of the cause
of action, the nature of the evidence necessary to controvert the no‑evidence
motion, and the length of time the case was active in the trial court.  Id. 
Other factors a court may consider are the amount of time the no‑evidence
motion was on file, whether the movant requested stricter time deadlines for
discovery, the amount of discovery that had already taken place, and whether
the discovery deadlines in place were specific or vague.  Id. 
We review a trial court=s determination that there was adequate time for discovery
under an abuse of discretion standard.  Id.

Here, Bostick filed suit on May 9, 2003 and the no-evidence
motion was filed on March 22, 2004, over ten months later.  On January 8, 2004, Metro served its written
discovery requests and, on February 18, 2004, deposed Bostick.  At the time of her deposition, Bostick=s counsel did not question her,
stating he would reserve his questions until trial.  The record indicates that Bostick=s counsel did not serve Metro with
discovery requests until April 1, 2004, after the no-evidence summary judgment
motion was filed.  Moreover, although the
trial court=s docket control order states that
discovery was to be completed by April 26, 2004, it also provides that
no-evidence summary judgment motions may be heard after March 12, 2004.  Metro=s motion was filed after that date
and, therefore, complied with the court=s docket control order.








Considering these factors, we conclude it was not an abuse of
the trial court=s discretion to find that Bostick had adequate time for
discovery.  See, e.g., id. (finding
no abuse of discretion when the case had been ongoing in the trial court for
sixteen months and the nonmovant only noticed the movant for deposition after
the no-evidence motion was filed).  We
overrule Bostick=s first issue.  

2.         Did Metro=s
No-Evidence Motion Comply with the Specificity Requirements of Rule 166a(i)?

In her second issue, Bostick argues that the trial court
erred in granting Metro=s motion because it was conclusory.  According to Bostick, the motion fails to
comply with Rule 166a(i) because Metro merely listed the elements of a premise
defect claim and asserted she had no evidence of those elements.

Rule 166a(i) provides in part that a no‑evidence
summary judgment motion must Astate the elements as to which there is no evidence.@  Tex. R.
Civ. P. 166a(i).  Essentially,
this requirement prohibits conclusory no‑evidence motions or general no‑evidence
challenges to an opponent=s case.  See id.
cmt; Cuyler v. Minns, 60 S.W.3d 209, 212 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  Here, as Bostick acknowledges,
Metro listed each of the elements for which it claimed Bostick had no evidence,
thereby identifying and addressing each element it was challenging; therefore,
the motion complied with the language of the Rule.  See, e.g.,  Johnson v. Felts, 140 S.W.3d 702, 706B07 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied).  We overrule Bostick=s second issue.  

B.        Did Bostick=s Evidence Raise a Genuine Fact
Issue?     

In her third issue, Bostick claims the trial court erred in
granting Metro=s motion because her responsive
evidence raised a fact issue on all elements of her claim. 








When reviewing a no-evidence summary judgment, we examine the
evidence in the light most favorable to the non‑movant, disregarding all
contrary evidence and inferences.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Specialty
Retailers, 29 S.W.3d at 146.  We
sustain a no evidence point when (a) there is a complete absence of evidence of
a vital fact, (b) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact, (c) the
evidence offered to prove a vital fact is no more than a mere scintilla, or (d)
the evidence conclusively establishes the opposite of the vital fact.  King Ranch, 118 S.W.3d at 751.  If the respondent brings forth more than a
scintilla of probative evidence to raise a genuine issue of material fact, a no‑evidence
summary judgment is improper.  Tex. R. Civ. P. 166a(i); King Ranch,
118 S.W.3d at 751.  Less than a scintilla
of evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact.  King
Ranch, 118 S.W.3d at 751.

Metro does not deny that Bostick was an invitee on its
premises.  As such, the elements of Bostick=s premise defect claim are (1) Metro=s actual or constructive knowledge of
a condition on its premises, (2) which posed an unreasonable risk of harm, (3)
that Metro did not exercise reasonable care to reduce or eliminate, and (4) the
failure to use such care proximately caused Bostick=s injury.  See CMH Homes, Inc. v. Daenen, 15
S.W.3d 97, 99 (Tex. 2000).    

In support of Bostick=s argument that she raised fact
issues, Bostick points to the following testimony from her deposition:

Q.        Do you think that the way the landing was designed had
anything to do with it?

A.        Perhaps.

                                                                        *
* * * 








A.        Well, the landing isBBit=s a heavy rubber or vinyl matting on one surface and
as you move from that surface directly into the doorway to the stairwell is
cement.  There=s some cracks there in that cement.  It=s not
really level so I=m just saying perhaps. 
I don=tBByou know, I don=t
know.  It happened so quickly I just BB 

                                                                        *
* * * 

Q.        Do you remember if your employer ever did any kind of formal
investigation of this incident?

A.        I think they did.

                                                                        *
* * *

A.        They tookBBI know that they took pictures.  I heard them speak of investigating it, you
know, taking pictures and someone mentioned that fact that it did not have lights
in the stairwell; but, like, yeah, I know that they did because I heard them
say that they investigated the accident and scene.

Bostick did not present any evidence other than the foregoing
testimony.  There was no indication in
the record that someone else had previously fallen on the stairwell, nor that
anything on or about the stairs which may have caused her injuries was
immediately apparent to Bostick after her fall, and there was no witness
testimony.  Instead, Bostick asserts that
her unrefuted deposition testimony is sufficient to defeat summary
judgment.  Metro responds that Bostick=s evidence is insufficient to raise a
fact issue because she cannot pinpoint the particular condition causing her
injury and consequently, cannot establish other elements of her claim.  We agree.   









Although Metro owed Bostick, its invitee, a duty to exercise
reasonable care to protect her from dangerous conditions on its property that
it knew of or should have reasonably discovered, Metro was not an insurer of
Bostick=s safety.  See Wal-Mart Stores, Inc. v. Reece, 81
S.W.3d 812, 814 (Tex. 2002).  Even
assuming without deciding that Bostick=s testimony raised a fact issue as to
the dangerous condition of the stairs, her testimony does not evidence a causal
connection between Metro=s acts or omissions and her injuries.  As evidence of causation, Bostick merely
asserts it was foreseeable the condition of the stairwell would cause
injury.  By her argument, Bostick
suggests we infer her injuries were caused by a dangerous condition merely
because she fell; however, proximate causation cannot be established by Amere conjecture, guess, or
speculation.@ 
W. Invs., Inc. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005).  We conclude Bostick=s testimony did not raise a fact
issue sufficient to defeat summary judgment, and the trial court properly granted
Metro=s motion.  See, e.g., Hopper v. J.C. Penney
Co., 371 S.W.2d 750, 752 (Tex. Civ. App.CFort Worth 1963, writ ref=d n.r.e.) (finding where appellant
testified she did not know what caused her fall, her evidence proved only the
fact of her accident, but not the causal connection); see also Houston Nat=l Bank v. Adair, 146 Tex. 387, 390, 207 S.W.2d 374,
375 (1948) (AThe mere fact that [Adair] slipped
and fell does not establish the bank=s liability; there must be evidence
showing that in some way the bank was at fault and that its fault was a cause
of the injury.@), abrogated in part on other
grounds, Parker v. Highland Park, Inc., 565 S.W.2d 512 (Tex. 1978).[2]  We overrule Bostick=s third issue.  Accordingly, the judgment of the trial court
is affirmed. 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed August 18, 2005.

Panel consists of
Justices Edelman, Guzman, and Murphy.[3]


 

 











[1]  See also
Miller v. Gen. Motors Corp., No. 14-00-00098-CV, 2002 WL 1963493, at *4
(Tex. App.CHouston [14th Dist.] Aug. 22, 2002, pet. denied) (not
designated for publication) (rejecting the argument that a no-evidence summary
judgment motion should never be heard as long as discovery is not completed). 





[2]  Cf.
Castillo v. Westwood Furniture, Inc., 25 S.W.3d 858, 861 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (noting
that inability to identify condition causing fall, while insufficient to
establish propriety of a traditional summary judgment, may support no-evidence
summary judgment). 





[3]  Senior Chief
Justice Paul C. Murphy sitting by assignment.