Theodocia **CORLEY**, Appellant,

v.

**LACO RENTALS, INC.,** Appellee.

**No. 5179.**

Court of Civil Appeals of Texas, Waco.

Nov. 22, 1972.

Prager, Maynard & Vogel, Don Prager, Fort Worth, for appellant.

L. W. Anderson, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment that she take nothing in a slip and fall case.

Plaintiff Corley sued defendant Laco Rentals alleging defendant owns the building in which the Burleson post office is located; that on December 5, 1968 she entered the building to pick up her mail; that on her way out she slipped and fell as she was leaving the front door because of a defect in the structure of the sidewalk located on the property of the post office; that the condition of the sidewalk was unknown to her, but was well known to defendant; that defendant was negligent in various particulars; that as a result of such negligence she sustained injury, for which she prayed judgment for $5000.

Defendant answered by general denial, that plaintiff was contributorily negligent, and that the defect was open and obvious.

Defendant moved for summary judgment asserting plaintiff used the threshold and sidewalk six days a week for a great length of time for which reason there was no fact issue as to whether the condition was open and obvious to plaintiff. The trial court granted such motion and rendered summary judgment plaintiff take nothing.

Plaintiff appeals on 3 points contending:

1) The court erred in granting summary judgment in that there is a genuine issue of material fact in that the "open and obvious" defense is not available to defendant unless plaintiff voluntarily moved forward into the dangerous situation with full knowledge of the defect and appreciated the danger.

2) The court erred in granting summary judgment in that plaintiff was confronted with a sudden emergency not of her own making, and regardless of possible knowledge of the defective premises she was unable to look out for her own safety.

Plaintiff by deposition testified that as she was exiting from the post office she slipped on the metal threshold of the front door; that she lost her balance; that she stumbled forward off balance; that at this point she came in contact with an offset in the sidewalk; and fell to the ground sustaining injury.

She further testified she had traversed the metal threshold in the doorway and the offet in the sidewalk six days a week for the past six months, to pick up her mail; that the sidewalk had been that way for quite some time; that she was familiar with the post office area; that she had gone there every day. This represents some 312 trips across the threshold and sidewalk with offset.

The fall occurred on a clear sunny day between 10 and 10:30 in the morning.

■ Ordinarily a plaintiff-invitee cannot recover if he knows of the condition, realizes the danger, and appreciates danger, *or is charged in law with such knowledge, realization, and appreciation.* Wesson v. Gillespie,[1] Tex., 382 S.W.2d 921; Halepeska v. Callihan Interests, Inc., Tex., 371 S.W.2d 368; McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

In the Adair case, supra, the court assumed the dangerous condition was not open and obvious and that the area in which Mrs. Adair fell was not properly lighted. Nevertheless Mrs. Adair had been on the stairs many times, and because of her many exposures to the condition, the court charged her with knowledge, realization and appreciation of the danger.

1. See also: Adam Dante Corp. v. Sharpe, Tex., 483 S.W.2d 452, 457 which approves and reaffirms Wesson v. Gillespie.

In the Wesson case, supra, where plaintiff had crossed the same threshold two to five times a week for four or five years, under the same conditions, the court charged plaintiff with knowledge and appreciation.

In the case at bar the situation was static, the defect was not latent, and plaintiff by her own admission had been across the threshold and sidewalk with offset six days a week for the past six months.

Under such facts plaintiff is charged with knowledge and appreciation as a matter of law.

Plaintiff's points are overruled.

Affirmed.