Bernard B. WARREN, as Executor of the Estate of John L. Hammond, Appellant,

v.

Mona Rae JAMISON, and West Texas State Bank, Appellees.

No. 5666.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1976.

Rehearing Denied Dec. 23, 1976.

Robert E. Barfield, Amarillo, for appellant.

Culton, Morgan, Britain & White, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Appellant Executor of the Estate of John L. Hammond from take-nothing judgment in his suit against Appellees West Texas State Bank and Mona Rae Jamison.

John L. Hammond filed this case against Mona Rae Jamison for damages for personal injury caused by alleged negligence of Jamison in operation of an automobile on the parking lot of the West Texas State Bank in Canyon. Pending trial plaintiff died and his executor was made party plaintiff. The Bank was subsequently added as a party defendant on the premise the Bank had contributed to injury to Hammond in the construction and maintenance of its facilities.

Jamison answered by general denial; a plea of contributory negligence of Hammond; and a plea of intervening negligence by the Bank.

The Bank answered by general denial; a plea of contributory negligence of Hammond; and a plea that the sole proximate cause was the negligence of Jamison.

Trial was to a jury. At the conclusion of the evidence the trial court granted the Bank's motion for instructed verdict in its favor, and the Bank did not thereafter participate in the trial.

Hammond's case against Jamison was submitted to the jury which in answer to Special Issues acquitted both Jamison and Hammond of negligence.

The trial court rendered judgment on the verdict that plaintiff take nothing against Jamison, and that plaintiff take nothing against the Bank, based upon the granting of the Bank's motion for instructed verdict.

Appellant appeals on 12 points, but states that points 1, 2, and 8 are abandoned, and point 4 is not briefed. The remaining 8 points are summarized as follows:

3) The trial court erred in granting Bank's motion for instructed verdict.

5) The verdict was against the great weight and preponderance of the evidence.

6) The verdict was without evidence to support it in that the conduct of Jamison constituted negligence per se.

7) The verdict was defective in that no issue was submitted on which the jury could have found that the collision was caused by anything other than the negligence of one or more of the parties.

9) The trial court erred in refusing an issue for damages for lost ability to work and labor as a separate element of damage.

10) The trial court erred in permitting Jamison's counsel to argue to the jury concerning the Bank's dismissal from the case.

11) Certain members of the jury were guilty of misconduct in concealing from appellant's counsel on voir dire that they had previously been defendants in lawsuits.

12) The juror Johnson was guilty of misconduct in concealing from appellant's counsel on voir dire a previous acquaintance and professional relationship with certain members of the law firms representing appellees.

Point 3 asserts the trial court erred in granting the Bank's motion for instructed verdict.

On January 25, 1974 both Mr. Hammond and Miss Jamison visited the Bank for business purposes at about 9 o'clock in the morning. Miss Jamison remaining in her car, utilized the Bank's drive-up facilities. Mr. Hammond arrived at the Bank in a car driven by his wife. She parked in one of the parking spaces along the south side of the Bank's lot. Miss Jamison had been a customer of the Bank about 4 months; Mr. Hammond had been a customer of the Bank since it opened in 1967. Mr. Hammond went into the Bank, then came out of the Bank back to his car and removed a sack of shelled pecans which he intended to deliver to someone in the Bank. On his return second trip into the Bank, as he walked across the parking lot he was bumped by the automobile driven by Miss Jamison as she exited from the Bank's drive-in facility. Miss Jamison was travelling 2 or 3 miles per hour when she struck Mr. Hammond. He was knocked off balance and fell to the ground sustaining injuries to his arm and leg. The day was clear and sunlit. Miss Jamison's car was plainly visible and both she and the Hammonds were familiar with the scene. Mr. Hammond had been coming to the Bank at least once a month since 1967 and parking on the parking lot, then going into the Bank to transact his business and returning to his car on the lot. The drive-in facility is located on the parking lot. The Bank parking lot and premises were exactly the same as they had been since Mr. Hammond started banking there in 1967.

■ Ordinarily a plaintiff-invitee cannot recover if he knows of the condition, real-

izes the danger, and appreciates the danger, or is charged in law with such knowledge, realization and appreciation. *Wesson v. Gillespie,* Tex., 382 S.W.2d 921; *Halepeska v. Callihan Interests, Inc.,* Tex., 371 S.W.2d 368; *McKee v. Patterson,* 153 Tex. 517, 271 S.W.2d 391; *Houston National Bank v. Adair,* 146 Tex. 387, 207 S.W.2d 374; *Corley v. Laco Rentals, Inc.,* Tex.Civ.App. (Waco) NWH, 487 S.W.2d 446. See also, *Adam Dante Corp. v. Sharpe,* Tex., 483 S.W.2d 452, 457 which approves and reaffirms *Wesson v. Gillespie.*

In the *Adair* case the court assumed the dangerous condition was not open and obvious and that the area in which Mrs. Adair fell was not properly lighted. Nevertheless, Mrs. Adair had been on the stairs many times, and because of her many exposures to the condition, the court charged her with knowledge, realization and appreciation of the danger.

In the *Wesson* case, where plaintiff had crossed the same area two to five times a week for four or five years, the court charged plaintiff with knowledge and appreciation.

■ In the case at bar the defect was not latent and Mr. Hammond had been across the parking lot and into the Bank and out of the Bank onto the parking lot at least once a month since in 1967.

Under such facts Mr. Hammond is charged with knowledge and appreciation as a matter of law.

Points 5 and 6 assert there is no evidence to support the jury's verdict, and that same is against the great weight and preponderance of the evidence; and point 7 complains that the trial court did not submit any issue on which the jury could have found that the collision was caused by anything other than the negligence of the parties.

■ Miss Jamison bumped Mr. Hammond when leaving the drive-in facility and travelling 2 or 3 miles per hour. She looked before she started off. The sun hit her windshield at such an angle that she was blinded. Her car had travelled a car length when she heard a noise and observed that Mr. Hammond had walked into her car and fell. There was nothing to prevent Mr. Hammond from seeing Miss Jamison's car.

The jury was authorized to find as it did and such findings are not against the great weight and preponderance of the evidence. *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660.

■ The trial court's charge contained an instruction on unavoidable accident; appellant did not object to such instruction. Under such situation any complaint is waived. Rule 274 TRCP.

■ Point 9 complains of the trial court's refusal to submit an issue for damages for lost ability to work. Since appellees are not liable there was no error in not submitting the requested damage issue.

Point 10 complains of asserted improper jury argument in permitting appellees' attorney to mention that the Bank was no longer in the lawsuit.

■ The trial judge had informed the jury earlier that ʌhe Bank was no longer a party to the lawsuit; and that he had determined that as a matter of law they should be taken from the lawsuit.

The argument complained of, did no more than tell the jury something the court had already told them.

Points 11 and 12 complain of asserted jury misconduct.

Appellant asserts the juror Johnson failed to disclose on voir dire that she was acquainted with some members of the firms representing appellees. The questions asked on voir dire are not a part of the record before us. Mrs. Johnson testified on motion for new trial that she truthfully answered all questions asked of her.

■ Appellant further asserts jurors Noble and Lester did not respond when the panel was asked generally on voir dire if any of the panel had ever been defendant in a lawsuit. On motion for new trial juror Noble acknowledged he heard the question about lawsuits and made no response because he had been involved only in a "bank-

ruptcy deal" and "didn't consider a bankruptcy deal and a lawsuit the same thing". The juror Lester acknowledged on motion for new trial he heard the general question about lawsuits and did not respond although he had been once sued in County Court for delinquent taxes. He stated that he had never been served in the case although a judgment was taken against him. From the record as a whole we think the jurors failure to answer the questions as to having been defendants in a lawsuit did not amount to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434 TRCP; *Childers v. Texas Employers' Insurance Association*, 154 Tex. 88, 273 S.W.2d 587.

All appellant's points are overruled.

AFFIRMED.