Rose Marie **SHURETT**, a widow, Appellant,

v.

George Otis **OSBORNE** et al., Appellees.

No. 11450.

Court of Civil Appeals of Texas.

Austin.

Nov. 16, 1966.

Fanning, Billings, Harper, Pierce & Gilley, Harlan Harper, Jr., Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., R. Christian Harvey, Dallas, for appellees.

PHILLIPS, Justice.

This is a slip and fall case brought by appellant, plaintiff below, alleging that she slipped and fell on the porch of a house owned by defendant Osborne and being rented by his daughter, Libby McClosky. Both Mr. Osborne and Mrs. McClosky are appellees here.

Appellant was working as a baby sitter for appellee McClosky and had been so employed for about a year. She lived in the McClosky home where she was employed in caring for Mrs. McClosky's two children.

The fall occurred when appellant returned to appellee's home after dark, about 8:30 p. m. in May of 1964.

Appellees filed a motion for summary judgment in the trial court, based upon depositions of the parties, and appellant filed a controverting affidavit. The court granted appellees' motion for summary judgment, and it is from this judgment that this appeal has been taken.

We affirm the judgment of the trial court.

Appellant is before this Court on six points of error, the first three, briefed together, being the error of the trial court in applying the doctrine of assumed risk, or open and obvious in this case; in failing to revoke or overrule the doctrine of assumed risk, or open and obvious, in this case; in failing to allow the jury to decide this case based on ordinary negligence and contributory negligence grounds.

We overrule these points.

Appellant is attempting to establish liability of appellants on one of two bases of negligence, first that the light on the porch was out or that appellees should have left a window or door open in order to furnish light; and secondly, that there was a slippery substance or something on the porch that caused appellant to fall.

It is without question that the appellant was fully aware that the light on the front porch was out and knew that it had been out for a matter of months. In addition, she testified by deposition that she knew it was out before she attempted to climb the steps.

■■■ In Texas the owner-occupier has a duty to exercise ordinary care toward invitees to keep the premises in a reasonably safe condition, or to warn. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543, 1962; Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853, 1950. In order to deny recovery to the invitee, it has been held that the invitee must have either actual knowledge and appreciation of the danger as in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, Sup.Ct.1963, or the danger must be open and obvious before he will be held to have assumed the risk. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

■ In the case of Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, the Texas Supreme Court recognized that where a condition is open and obvious and where the injured party has been over it many times, then as a matter of law the injured party would not be heard to say that he did not know and realize the danger. The Court stated as follows:

"If it might be concluded that the stairs were not properly lighted, the undisputed evidence shows that this situation was open and apparent to Mrs. Adair. It was also obvious that the stairs were not covered or corrugated, and that no handrails existed except the balustrades on the sides of the stairs. The size and shape of the top of each balustrade had not been changed since the building had been constructed, and it was apparent that such surface was too wide to be grasped or gripped from above. All of these conditions being open and obvious to Mrs. Adair when she started down the stairway, it follows as a matter of law that the evidence does not show that the bank violated its duty to Mrs. Adair, and the plaintiff is barred from recovery because Mrs. Adair voluntarily exposed herself to such risks as existed."

In Halepeska, the Court said:

"The Adair case may be said to stand for the proposition that when a condition is patently open and obvious and the danger apparent, and when the plaintiff has encountered it many times, he will be charged in law with knowledge and appreciation, and the occupier owes him no duty."

Appellant testified in her deposition that she knew the porch light was out, that it hadn't burned for a long time, and that she frequently went up and down the porch in the dark. She also testified that she knew the porch light wasn't on the night of the accident and that she tried to go up the stairs as carefully as she could. Also see Cline v. Texas Hotel, Tex.Civ.App., 392 S.W.2d 594.

Assuming the porch light was out, and assuming the appellee failed to turn on the living room light in order to illuminate the front porch, the appellant had actual knowledge of this condition, had encountered the same condition many times before, and voluntarily chose to ascend the darkened porch steps.

■ Under the cases discussed, appellant's repeated exposures to the darkened steps are sufficient to charge appellant with knowledge of the dangerous condition as a matter of law.

Appellant's fourth, fifth and sixth points, briefed together, complain of the judgment of the trial court in holding that there was no question of fact existing in this case as to the liability of appellees; that appellees owed no duty to appellant in this case; in failing to hold that there was a question of fact as to whether or not appellee McClosky was negligent in failing to turn on the living room light.

We overrule these points.

Appellant's second basic allegation of negligence is that appellee McClosky was negligent in failing to remove an alleged

slippery substance[1] from the steps or porch, which she knew, or in the exercise of reasonable care should have known, was present on such steps or porch.

In H. E. Butt Grocery Company, Inc. v. Russell, Tex.Civ.App., 391 S.W.2d 571, writ of error ref., n. r. e., plaintiff sued a grocery store owner for injuries sustained where the customer slipped and fell on a lettuce leaf on the grocery store floor. The Court said:

"It is settled in Texas that in such a case as this it is incumbent on plaintiff to establish (1) that defendant placed the foreign substance on the floor, or (2) knew it was on the floor and negligently failed to remove it, or (3) that it had been on the floor for such period of time that it would have been discovered and removed by defendant in the exercise of ordinary care.

\* \* \* \* \* \*

An indispensable element of the third ground above, however, is that the substance had been on the floor for such period of time that ordinary care in making an inspection would have resulted in its discovery."

Also see Brookshire Brothers, Inc. v. Cherry, Tex.Civ.App., 387 S.W.2d 108, writ of error ref., n. r. e.

According to appellant's testimony it is not known what the slippery substance was, who put said substance on the porch step, how long it had been there, or whether appellees knew or should have known of its presence. There is no testimony in this regard other than appellee's affidavit wherein she denied any knowledge as to any slippery substance. In her controverting affidavit, appellant states only that the slippery substance must have gotten on the porch or steps during the time she was out, and that she believed that the substance had been there for some period of time. Appellant never saw this alleged substance either on the steps or on the porch. Neither did she see it on her shoe after the fall, nor did anyone else testify to having seen such a substance. Such evidence presents no more than surmise or conjecture on appellant's part, and is insufficient to establish a duty on the part of appellees to remove any such substance from the steps or porch.

We affirm the judgment of the trial court.

1. The following testimony appears in the deposition of Mrs. Rose Marie Shurett:
   "A Yes, Sir, got up to about the top, it was the top step or the edge of the porch, stepped on something slick, felt like spit, slime or some kind of something, I don't know what it was.
   \* \* \* \* \* \* \*
   Q All right, did it make your right leg go forward?
   A I was going up the steps, going up the steps on the porch and when I stepped on that stuff it threw me off in the flower bed.
   Q Did you see whatever was slick?
   A No, I couldn't move to see nothing, felt like spit or stuff, I don't know what it was.
   Q Did you ever see what it was?
   A No, I couldn't see, because I couldn't raise and look on my foot.
   Q Did you ask anybody to look up there and see what it was there?
   A Yes, but they didn't see nothing, I don't know who it was.
   Q \* \* \* Did you ask anybody to look on the porch?
   A No, I did not.
   Q So you never saw what it was you say you slipped on?
   A No, I don't know.
   Q You don't know how long it had been there?
   A No.
   Q Or who put it there?
   A I left there about 5:30 or 5:00, something like that.
   Q You didn't see anything there at that time?
   A No.
   Q And you don't know how it got there or when it got there?
   A No, I had been gone."