# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00372-CV

**Holly Dees, Appellant**

**v.**

**Speedy Thomas and Sylvia Thomas, Appellees**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
NO. 15-O-294, HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This appeal arises out of a premises liability suit. In July 2013, Holly Dees was at the house of Speedy and Sylvia Thomas (the Homeowners) to celebrate July 4th and to visit the Homeowners' daughter Stacy Thomas when she slipped and fell on a two-step stairway connecting the kitchen and living room. Dees sued for premises liability. The Homeowners moved for summary judgment, asserting that there was no duty to warn or to make the condition reasonably safe because any allegedly dangerous condition was open and obvious or otherwise known to Dees. The trial court rendered final summary judgment, concluding that the Homeowners are entitled to judgment as a matter of law and that Dees should take nothing against the Homeowners. For the reasons discussed below, we affirm.

# I. PROCEDURAL HISTORY

In July 2015, Dees sued the Homeowners for premises liability. As described in her original petition, she "entered the kitchen and, as she proceeded to walk down the stairs, fell due to a large and/or non-standard gaps in between the stairs/steps." The Homeowners moved for traditional summary judgment on the grounds that there is no duty to warn or to make reasonably safe because Dees was a licensee, not an invitee, and the allegedly dangerous condition was open and obvious or otherwise known to Dees from her previous use of the stairway. As summary judgment evidence, the Homeowners attached: (1) the second amended petition, the live petition at the time; (2) Dees's deposition transcript; and (3) the following photo of the stairway, marked by Dees at her deposition to show where she had stepped during the incident.



Dees responded with her own motion for partial traditional summary judgment. She attached as evidence: (1) the deposition transcripts from the Homeowners, (2) an affidavit from Stacy Thomas, (3) an affidavit from Dees's architecture expert Jim Sealy with attached photos of the stairway, and (4) an excerpt from the International Building Code Commentary.[1] The Homeowners objected to Dees's summary judgment evidence on multiple grounds. Dees also filed her third amended petition,[2] revising the reason for her fall and claiming she "fell due to faulty re-constructed stairs/steps that had to be remodeled . . . and which violated countless building codes and other regulations and standards."

At the summary judgment hearing, the parties agreed that the trial court would consider the summary judgment motions on submission. Following the hearing, the court rendered final summary judgment, granting the Homeowners' summary judgment motion, ordering Dees to take nothing, and expressly stating that it considered the Homeowners' "objections to said response" and "it is the opinion of the Court that [the Homeowners'] objections are sustained." Dees filed a

---

[1] The motion for summary judgment index indicates Dees intended to also attach the deposition transcript of Stacy Thomas, but the appellate record has a duplicate copy of Sylvia Thomas's deposition transcript in that exhibit location.

[2] The third amended petition was the live pleading at the time of the summary judgment hearing. The record does not include a fourth amended petition, but Dees filed a fifth amended petition the day after the summary judgment hearing. However, a party must seek leave before filing an amended pleading within seven days of trial, Tex. R. Civ. P. 63, and summary judgment proceedings are considered trials for purposes of rule 63, *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). Although rule 166a(c) permits pleadings to be filed after the time of the hearing and before judgment "with permission of the court," Tex. R. Civ. P. 166a(c), the record does not indicate that permission was granted or that the trial court considered the fifth amended petition, *see Hinojosa Auto Body & Paint, Inc. v. Finishmaster, Inc.*, No. 03-08-00361-CV, 2008 WL 5210871, at *4 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.) (concluding previously filed petition was live pleading where record did not indicate that trial court granted permission to file or considered amended pleading filed on day of summary judgment hearing).

3

motion for clarification concerning whether the Homeowners' objections were granted and a motion for new trial, which the trial court denied. Dees timely appealed the final summary judgment to this Court.

## II. DISCUSSION

Dees raises three issues on appeal. First, Dees asserts she was an invitee, not a licensee, and therefore the Homeowners had a duty to warn. Second, Dees claims a genuine issue of material fact exists to prevent summary judgment because there is no direct evidence that Dees was aware of any defects and the danger was not open and obvious. Third, Dees argues that the Homeowners' multiple objections to her summary judgment affidavits may not be granted together without specification, and she was entitled to amend her affidavits in response to form objections.

### A. Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Nassar v. Liberty Mut. Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). The summary judgment movant has the burden of showing there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278 (Tex. 2018). "A trial court properly grants a defendant's traditional motion for summary judgment 'if the defendant disproves at least one element of each of the plaintiff's claims or establishes all elements of an affirmative defense to each claim.'" *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 625 (Tex. 2018) (quoting *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)), *cert. denied*, 139 S. Ct. 1216 (2019). When the summary judgment does not specify the ruling's grounds, we must affirm if any of the theories presented to

the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving doubts in nonmovant's favor. *Id.* at 215.

Although our summary judgment review is de novo, we review a trial court's decision to exclude evidence in a summary judgment proceeding for an abuse of discretion—i.e., whether the trial court acted "without reference to any guiding rules and principles." *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam) (citing *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000), and quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## B. Scope of Review and Evidentiary Issues

In reviewing a summary judgment grant, the scope of our review is limited to the summary judgment record upon which the trial court's ruling was based. *See Fred Loya Ins. Agency v. Cohen*, 446 S.W.3d 913, 918 (Tex. App.—El Paso 2014, pet. denied); *Young v. Gumfory*, 322 S.W.3d 731, 738 (Tex. App.—Dallas 2010, no pet.). In determining what constitutes the summary judgment record, we begin with Dees's third issue regarding the Homeowners' evidentiary objections. As relevant here, the Homeowners made the following three objections to Dees's summary judgment affidavits:

> Defendants objects to the affidavit of Mr. Sealy as it is incomplete, assumes facts not in evidence, conclusions and mere speculation and lists a building code that was not in existence at the time the subject steps were originally constructed or at the time of the remodel of the steps. Sealy also make unsubstantiated conclusory statements of

facts and unsubstantiated conclusory statements of the law - both of which are inaccurate and not readily controvertible. Again, his affidavit fails because it lack personal knowledge, not readily controvertible, contain fabricated testimony, self-serving, contain unsubstantiated legal conclusions about status on premises, unsubstantiated factual conclusions. Also, there are is no substantiation of his alleged coefficient of friction testing and merely contains his say so which of no probative value. For which, all should be stricken.

Defendants object to the affidavit of Stacy Thomas as it is not free from bias or prejudice as Stacy Thomas was the girlfriend of the plaintiff at the time the affidavit was made and it is not accurate but merely created by plaintiff's attorneys to use against the Defendants. The affidavit is speculative and conclusory as to factual opinions and conclusory statements of the law which are likewise inaccurate. For which, defendants seeks to strike the affidavit in total.

Defendant objects to the excerpts from International Building Code Commentary, plaintiff's Exhibit E because it is not properly authenticated, and it inadmissible hearsay and the codes provisions did not exist at the time of the original construction of the steps nor at the time of the remodel that may have included the steps in issue. As such this exhibit should be stricken in total.

(Errors in original.) In the final summary judgment, the court stated that it had considered the Homeowners' objections to Dees's response and "[i]t is the opinion of the Court that defendants' objections are sustained."

Dees asserts: (1) "the trial court should be required to clarify which objections were granted and which objections were not granted," (2) the objections "should have been granted with specificity," and (3) because "the trial court granted a substantial number of [the Homeowners'] objections, without specifying which of the objections had been granted and which had not been granted the Court could be found to have made an implicit holding on those objections." Dees, however, has not cited any authority requiring more specificity in sustaining objections, nor have we found any. Further, the trial court expressly sustained "defendants' objections" without limitation; it did not grant "a substantial number" of the objections, which implies some were not sustained, as

6

Dees argues. Finally, Dees's argument is unclear as to how "an implicit holding on those objections" constitutes reversible error as opposed to an express ruling on the objections. *See* Tex. R. App. P. 44.1 (describing standard for reversible error). Regardless, she is incorrect as to the type of ruling on the objections; the ruling on the objections was expressly stated in the final judgment, it was not implied. *See Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.) (noting implied ruling occurs "if it is unexpressed, but capable of being understood from something else"). We conclude that these assertions have no merit.

Dees argues that the trial court should have given her the opportunity to amend her summary judgment affidavits in response to form objections. *See* Tex. R. Civ. P. 166a(f). However, "[w]hen a summary judgment movant objects to summary judgment evidence proffered by the nonmovant, the burden lies upon the nonmovant to request relief under rule 166a(f), including a continuance or the opportunity to cure any formal defects in the nonmovant's summary judgment evidence." *Coleman v. Woolf*, 129 S.W.3d 744, 750 (Tex. App.—Fort Worth 2004, no pet.). "Generally, a motion for continuance is the proper procedure to obtain this 'opportunity.'" *Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied) (citing *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1992, no writ)). Here, after the Homeowners filed their objections, Dees had the opportunity to seek leave to amend or supplement her affidavits or, if necessary, to seek a continuance of the hearing. *See* Tex. R. Civ. P. 166a(f); *Eckmann v. Des Rosiers*, 940 S.W.2d 394, 400 (Tex. App.—Austin 1997, no writ). Dees failed to take either action before the trial court's judgment, instead only moving for clarification after the final judgment and more than three months after the Homeowners'

7

objections, thereby waiving this issue for appeal. *See* Tex. R. App. P. 33.1 (requiring complaint to be made to trial court by timely request to preserve complaint for appellate review); *DeLarosa v. Stokes*, No. 03-12-00125-CV, 2012 WL 3600874, at \*6 (Tex. App.—Austin Aug. 17, 2012, no pet.) (mem. op.) (noting that nonmovant had opportunity to amend when movant filed form objection to affidavit); *Coleman*, 129 S.W.3d at 750 (holding issue regarding opportunity to amend waived when nonmovant failed to make request or move for continuance before judgment, or even seek leave during time trial court took motion for summary judgment under advisement); *see also Herrera v. R.R. & F., Inc.*, No. 03-01-00501-CV, 2002 WL 220490, at \*3 (Tex. App.—Austin Feb. 14, 2002, no pet.) (not designated for publication) (collecting cases and noting that "[n]othing in the record shows that, prior to the district court's judgment, Herrera . . . sought an opportunity to amend, or requested a continuance," "[t]herefore, Herrara waived this issue for appeal").

Dees did not file a written response to Homeowners' objections before the trial court's ruling on the objections, instead raising the above two procedural arguments only in her motion for clarification following the summary judgment. Now, for the first time in briefing before this Court, Dees appears to take issue with the merits, not just the procedure, of the trial court's ruling sustaining the objections as to the International Building Code Commentary and the Sealy affidavit. First, Dees asserts that the International Building Code Commentary "has been used in many court cases as evidence" and "it is likely that [it] would qualify as a learned treatise and therefore should be an exception to the hearsay rule." Second, Dees argues that "there was an insufficient basis to grant the objection to [Sealy's] affidavit" because the Sealy affidavit raises genuine issues of material fact and the Homeowners did not "provide their own expert witness" to show that Sealy's affidavit was inaccurate.

8

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection or motion. Tex. R. App. P. 33.1(a). When a court excludes summary judgment evidence, a party may not argue "any and every new issue" she can think of on appeal. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.) (citing *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 499 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)); *see Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 568 (Tex. App.—Amarillo 2013, pet. denied). By failing to raise her complaints as to the merits of the court's rulings on the objections, Dees failed to preserve error for appeal. *See* Tex. R. App. P. 33.1(a); *Montenegro*, 419 S.W.3d at 568; *Cantu*, 195 S.W.3d at 871.

Further, "when an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because [she] has not challenged all possible grounds for the trial court's ruling that sustained the objection." *Cantu*, 195 S.W.3d at 871; *see also Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 418 S.W.3d 172, 190 (Tex. App.—Dallas 2013, pet. denied); *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Dees's arguments address only some, not all, possible grounds for the trial court's ruling that sustained the objections—e.g., she fails to address the objection that the Sealy affidavit is conclusory or the objection to the International Building Code Commentary excerpt as not properly authenticated. She thus has waived any error as to the exclusion of the affidavits on the unchallenged grounds. *See Berryman's*, 418 S.W.3d at 190; *Gulley*, 321 S.W.3d at 218, *Cantu*, 195 S.W.3d at 871.

We conclude that the trial court did not abuse its discretion in excluding the Stacy affidavit, the Sealy affidavit, and the International Building Code Commentary excerpt from the

summary judgment record.  We therefore overrule Dees's third issue.  With this scope of review in mind, we now turn to Dees's first two issues.

## C.  Open and Obvious

As an initial matter, we need not decide whether Dees is a licensee or invitee to reach our final disposition.  *See* Tex. R. App. P. 47.1, .4.  The Homeowners challenged only one element of Dees's case in their summary judgment motion—i.e., whether the alleged dangerous condition was open and obvious or otherwise known to Dees.  This element generally applies whether Dees is a licensee or an invitee.  *Compare Sampson v. University of Tex.*, 500 S.W.3d 380, 391 (Tex. 2016) (noting that "licensee must prove the following elements . . . '(3) the licensee did not actually know of the condition'" (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *County of Cameron v. Brown*, 80 S.W.3d 549, 558 (Tex. 2002) ("The relevant inquiry is whether the [premises defect] was open and obvious to [the licensees], because that is the point at which they could choose to avoid the condition or otherwise protect themselves."), *with Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (noting that "the Court has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee").[3]

In their motion for summary judgment, the Homeowners asserted that "[t]he difference in stair height which plaintiff [Dees] claims is the reason of her fall is open and obvious

_____

[3] In *Austin v. Kroger Texas, L.P.*, the Texas Supreme Court described two exceptions to this general rule.  465 S.W.3d 193, 204–08 (Tex. 2015).  However, Dees did not assert any exception to the trial court, and in her reply brief before this Court, she states that she "has no need to rely upon either exemption to the open and obvious test."

condition that has not changed in the several years prior to her subject fall." In her deposition, Dees

had described her fall as follows:

> I went to walk into the kitchen and that's where the stairs were. And I put my foot
> down and I went to take a step down towards the second step, and I felt like
> something missed. I felt like there should have been perhaps another step there.
> Anyway, I stepped and lost my balance and heard my bone crack. And then I went
> to take my left foot down to the other step and lost my footing on that one as well,
> and I collapsed to the ground.
>
> . . .
>
> I feel like there should be an additional stair. I feel like the unevenness is dangerous.
> I feel like the gap between the first and the second step here is just a hazard, and the
> unevenness is -- poses a danger to people who step on it.

In her second amended petition,[4] Dees also had described the cause of the fall as resulting from "a

large and/or non-standard gaps in between the stairs/steps."

We have long noted that generally "where a condition is open and obvious and where

the injured party has been over it many times, then as a matter of law the injured party would not be

heard to say that he did not know and realize the danger." *Shurett v. Osborne*, 408 S.W.2d 740, 742

(Tex. App.—Austin 1966, no writ) (citing *Houston Nat'l Bank v. Adair*, 207 S.W.2d 374 (Tex.

1948), *abrogated by Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978)).[5] As summary

---

[4] The second amended petition was the live petition at the time the Homeowners filed their motion for summary judgment and was attached as an exhibit to the motion.

[5] *Parker v. Highland Park, Inc.* abrogated *Houston National Bank v. Adair*, 207 S.W.2d 374 (Tex. 1948), by "expressly abolish[ing] the so-called no-duty concept" when a dangerous condition is open and obvious. *Parker*, 565 S.W.2d 512 (Tex. 1978). However, the Texas Supreme Court recently noted, "Although the *Parker* Court concluded that these 'are matters which bear upon the reasonableness of an actor's conduct in confronting a risk . . . under principles of contributory negligence,' the Court's subsequent decisions have repeatedly recognized that, despite *Parker*, a

11

judgment evidence supporting their claim that the condition was open and obvious or otherwise known to Dees, the Homeowners relied on Dees's deposition testimony stating: (1) she had been to the Homeowners' residence probably around 10 times before the incident; (2) she had used the stairs during those visits and never fallen; (3) in just the year before the incident, she had used the stairs "[m]aybe once or twice"; (4) she had looked at the stairs before the incident; (5) the steps have looked the same "for as long as [Dees has] known"; (6) at the time of the incident and while coming down the stairs, she was looking "[a]t the stairs, at the railing, the kitchen area" and she was looking downward; and (7) she was using the railing while walking down the stairs. Moreover, here the Homeowners submitted as summary judgment evidence a photo of the stairs that clearly depicts the difference in stair height between the two steps and is perceptible and obvious to anyone who looked at it, which Dees does not dispute.[6] The Homeowners also relied on *Osadchy v. Southern Methodist Univ.*, 232 S.W.3d 844 (Tex. App.—Dallas 2007, pet. denied). Similar to here, the plaintiff in *Osadchy* complained about the height of certain stairs, asserting that "Osadchy's pathway was approximately 9 3/4", or 3 1/4" out of allowable height. This amounts to the riser being fifty percent (50%) in excess of the allowed maximum for the risers of this stairway." *Id.* at 847. Even though

---

landowner generally has no duty to protect or warn an invitee against unreasonable dangers that are open and obvious or otherwise known to the invitee." *Austin*, 465 S.W.3d at 207 (quoting *Parker*, 565 S.W.2d at 520) (citation omitted). Accordingly, the Court effectively limited *Parker* to establishing a "necessary-use exception," rather than abrogating the general rule: "[W]e think the better approach is to follow our more recent precedent and recognize the *Parker* rule as an exception that applies when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.*

[6] In her deposition, Sylvia Thomas clearly responded "No" when shown the picture of the steps and asked "does the height on [step] 1 and 2 look the same to you?"

Osadchy argued on appeal that "he did not have actual knowledge of the condition of the stairway," the court concluded that the fact that Osadchy "admitted he had entered the building on several occasions prior to his fall using the same stairs where the accident occurred" "indicate[d] he was aware of the condition of the stairway." *Id.* at 853. The court therefore affirmed the summary judgment against Osadchy. *Id.*

Following *Osadchy*, we conclude that the "gaps" here are open and obvious conditions. *See id.*; *see also Cross v. Littlefield*, No. 11-14-00224-CV, 2016 WL 6998981, at \*3–4 (Tex. App.—Eastland Nov. 30, 2016, no pet.) (mem. op.) (concluding that fact that "step was uneven, had an improper slope, and had no warnings" was open and obvious). To the extent Dees is also arguing that the lack of a handrail on one side is the defect, case law establishes that a missing hand rail is generally an open and obvious condition.[7] *See General Elec. Co. v. Moritz*, 257 S.W.3d 211, 215–16 (Tex. 2008) (holding that premises owner had no duty to warn delivery driver "that the ramp he had been using for more than a year had no handrails"); *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 848 (Tex. App.—Houston [14th Dist.] 2017, no pet.)

---

[7] Additionally, to the extent Dees's complaint rests on her third amended petition's assertion that she fell due to the stairs violating "countless building codes and other regulations and standards" without identifying the defects that violate regulations, we note that case law establishes that a violation of city ordinances goes to whether Homeowners exercised "reasonable care to reduce or eliminate the risk," not to whether defects are open and obvious or otherwise known to the invitee or licensee. *See Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 165 (Tex. App.—Dallas 2011, no pet.) (noting that "violation of building codes does not relate to whether West or Fuller Contracting had a duty to Wyckoff and, therefore, is not relevant to our analysis in this case" because violation of ordinances is relevant only to whether licensor failed to exercise reasonable care); *McDaniel v. Continental Apts. Joint Venture*, 887 S.W.2d 167, 172 (Tex. App.—Dallas 1994, writ denied) (holding violation of city ordinance relates only to third element of premises defect cause of action—i.e., alleged failure to exercise reasonable care to reduce or eliminate risk).

(affirming summary judgment where evidence established that gap in handrail on stairway frequently used by independent contractor "existed the entire time [the independent contractor] was working and was not concealed"); *Martin v. Gehan Homes Ltd.*, No. 03-06-00584-CV, 2008 WL 2309265, at \*2 (Tex. App.—Austin June 4, 2008, no pet.) (mem. op.) (holding general contractor had no duty to warn of lack of guardrails on second-story landing where, although plaintiff did not know about lack of guardrails, anyone could have seen it before walking upstairs).

Not only does the Homeowners' summary judgment evidence support the conclusion that the alleged defects are open and obvious, but also Dees's evidence submitted with her response. For example, Dees submitted the deposition transcript from Speedy Thomas, which shows he testified that people grab the handrail because they see the need for caution due to steps that "are different because they are different heights": "That's why the handrail is there. Everybody that comes to my house the first time they see [the steps] they realize, Okay, we need to be careful on these. I don't have to tell them. They see it."

We therefore conclude that the Homeowners met their summary judgment burden as defendants to "conclusively negate[] at least one element of the plaintiff's claim." *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). The Homeowners established as a matter of law that the alleged condition of the stairway was open and obvious and that the Homeowners therefore did not owe a duty "to protect or warn" Dees "against unreasonable dangers that are open and obvious or otherwise known." *See Austin*, 465 S.W.3d at 207. Because the Homeowners met their burden as movants to show that they are entitled to judgment as a matter of law and that no genuine issue of material fact exists, the burden shifted to Dees as the nonmovant

14

to raise a genuine issue of material fact precluding summary judgment. *See* Tex. R. Civ. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

On appeal, Dees asserts that she raised a genuine issue of material fact regarding whether the alleged condition was open and obvious by submitting with her summary judgment response (1) the Sealy affidavit establishing building code violations and defects that "are not visually apparent," including "invisible (unseen) nosings (leading edges of treads)" and "uneven construction of the top landing"; (2) the International Building Code Commentary excerpt discussing a study that uneven construction "creates a high risk of injury even if the victim had traversed the staircase hundreds of times prior to the fall or incident"; and (3) contradictory testimony from Homeowners raising a fact issue. But this evidence fails to raise a genuine issue of material fact for the following reasons.

First, as we have already noted, the Sealy affidavit and the International Building Code Commentary excerpt are not a part of the summary judgment record and thus cannot serve as evidence raising a genuine issue of material fact. Second, the alleged contradictory testimony identified by Dees fails to raise a genuine issue of material fact. Dees points to the Homeowners' allegedly conflicting testimony as to whether lights were on at the time of the incident. But whether the lights were on or off at the time of the incident does not impact the "open and obvious" nature of the stairs given Dees's previous uses of the stairs at other times. *See, e.g.*, *Cross*, 2016 WL 6998981, at *3–4 (concluding that even when nighttime visibility conditions at time of incident do not permit clearly perceiving condition, fact that person went down step previous times in daylight is enough to have actual knowledge of step's condition). Dees also points to contradictory testimony from

15

Homeowners that, according to her, "calls into question the credibility of the Appellees." But even if the Homeowners' testimonial statements were contradictory, which we do not decide, they are not relevant to whether the alleged condition of the stairs is "open and obvious." And the Homeowners' credibility is not at issue as they did not rely on their own testimony to meet their summary judgment burden. The only testimony identified and provided by Dees that remotely concerned the "open and obvious" nature of the stairway was from the Homeowner Sylvia Thomas concerning some confusion as to when she noticed that the steps were of different heights and her statements of "[j]ust now" and "I don't know" when she was asked when she noticed. But when Sylvia was shown the picture of the steps and asked "does the height on [step] 1 and 2 look the same to you," she clearly and unambiguously responded, "No." We therefore conclude that Dees failed to raise a genuine issue of material fact as to whether the alleged condition was open and obvious. *See* Tex. R. Civ. P. 166a(c); *Lujan*, 555 S.W.3d at 84.

In sum, we hold that the Homeowners met their burden to establish that they were entitled to summary judgment as a matter of law and Dees did not raise a genuine issue of material fact in response. *See* Tex. R. Civ. P. 166a(c); *Osadchy* 232 S.W.3d at 853. Accordingly, the trial court did not err in granting summary judgment to the Homeowners, and we overrule Dees's second issue.

### III. CONCLUSION

Having overruled Dees's issues, we affirm the district court's final summary judgment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   July 3, 2019